**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Donald E. WHITE, Defendant-Appellant.**

**No. 71–1027.**

United States Court of Appeals,
Sixth Circuit.

Nov. 29, 1971.

David Gibbs and James London (court appointed), Cleveland, Ohio, for appellant.

Frederick M. Coleman, U. S. Atty., Timothy J. Potts, Asst. U. S. Atty., Cleveland, Ohio, for appellee.

Before PHILLIPS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.

PER CURIAM.

Donald E. White appeals from his conviction of possession of stolen mail in violation of 18 U.S.C. § 1708.

White contends that the District Judge committed reversible error in refusing on the morning of the trial to appoint another attorney to replace his court-appointed counsel on the grounds of what he termed his own "lack of confidence" in his defense lawyer.

The Criminal Justice Act, 18 U. S.C. § 3006A(c) provides that "the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." A motion for new court-appointed counsel based upon defendant's dissatisfaction with his counsel previously appointed is addressed to the sound discretion of the trial court. Smith v. United States, 122 U.S.App.D.C. 300, 353 F.2d 838, cert. denied, Cunningham v. United States, 384 U.S. 910, 86 S.Ct. 1350, 16 L.Ed.2d 362.

The Criminal Justice Act plan of the United States District Court for the Northern District of Ohio, which was approved by the Judicial Council of the Sixth Circuit, makes provisions for the appointment of substitute counsel, but this is a matter for the discretion of the court. This plan expressly provides that "The party shall not have right to select his appointed counsel." The Criminal Justice Plan for the Sixth Circuit provides that:

"The selection of counsel shall be the sole and exclusive responsibility of the court, and any person entitled to representation under the Act shall not be permitted to make the selection of any attorney to represent him from the panel or otherwise."

The right of an accused to court-appointed counsel does not carry with it the right to select a particular attorney. United States v. Davis, 365 F.2d 251 (6th Cir.). This court has held that the refusal of the District Court to appoint substitute counsel on the eve of the trial was not improper. United States v. Black, 412 F.2d 687 (6th Cir.), cert. denied, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509. See also United States v. Burkeen, 355 F.2d 241, 245 (6th Cir.).

An examination of the record in the present case demonstrates that the District Judge did not abuse his discretion in refusing to appoint substitute counsel.

The other contentions of appellant have been considered and are found to be without merit.

Affirmed.