**UNITED STATES of America,**
**Appellee,**

v.

**Francisco PINEDA–ESPINOZA,**
**Appellant.**

**No. 26938.**

United States Court of Appeals,
Ninth Circuit.

Feb. 28, 1972.

Ely, Circuit Judge, concurred in result and filed opinion.

---

Manuel H. Garcia, Esq., Tucson, Ariz., for appellant.

Richard K. Burke, U. S. Atty., James M. Wilkes, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before ELY, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

Pineda-Espinoza, convicted by a jury of possession of heroin in violation of 21 U.S.C. § 174, appeals on the ground that the District Court erroneously refused to accept his plea of guilty to the offense of purchasing or selling narcotic drugs except in the original stamped package in violation of 26 U.S.C. § 4704(a). Prior to his trial on the one-count indictment charging the violation of 21 U.S.C. § 174, the accused appeared before the District Court and, pursuant to an agreement with the United States Attorney, waived the filing of an indictment and consented to the filing of an information charging violation of 26 U. S.C. § 4704(a). He tendered his guilty plea to this charge but, under questioning by the court, denied knowledge that the packages which he had possessed contained heroin. Because of this denial, the District Court refused to accept the guilty plea, and the subsequent trial and conviction on the section 174 charge ensued.

North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), does not support appellant's position. We find no error and affirm the judgment.

ELY, Circuit Judge (concurring):

I concur in the result. When, on October 22, 1970, the district judge stated that the appellant's plea of guilty would not be accepted, he apparently granted a continuance to allow time for the preparation for the defense. Not at that time, nor at any time prior to trial on the original indictment, did Pineda-Espinoza protest the District Court's rejection of his tendered plea. The trial did not commence until October 27, 1970. In these circumstances, there is the unmistakable inference that the appellant acquiesced in the court's refusal to accept his plea of guilty to the less severe offense. If the record disclosed, as it does not, that the plea of guilty was tendered as a result of plea bargaining, then it is my opinion that the court might have appropriately accepted the plea, despite Pineda-Espinoza's insistence that he was ignorant of the nature of the material which he possessed. All doubts might have been eliminated had the court carried his Rule 11 inquiry a bit further so as to have been made aware, if such were the fact, that Pineda-Espinoza had understandably chosen to enter the plea to the lesser offense so as to avoid the risk of conviction on those charged offenses which were more

severe. *See* North Carolina v. Alford, 400 U.S. 25, 37–38, 91 S.Ct. 160, 27 L. Ed.2d 162 (1970); cf., McCarthy v. United States, 394 U.S. 459, 464–467, 470–471, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).