**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lloyd A. LANDRY and Eric B. Levin,
Defendants-Appellants.**

**No. 71-2583.**

United States Court of Appeals,
Ninth Circuit.

June 13, 1972.

Morris Lavine (argued), Los Angeles, Cal., for defendants-appellants.

Irving Prager, Asst. U. S. Atty. (argued), Eric A. Nobles, Robert L. Meyer, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL and GOODWIN, Circuit Judges, and LINDBERG, District Judge.*

PER CURIAM:

Lloyd Landry and Eric B. Levin were indicted, with five others, in a conspiracy to deal in counterfeit United States currency. 18 U.S.C. § 473. Landry and Levin cooperated with the investigation, and pleaded guilty to one count of the ten-count indictment. In due course, they were sentenced to six months' confinement and 30 months' probation. The remaining counts were dismissed. After being sentenced, both defendants

---

* The Honorable William J. Lindberg, United States District Judge for the Western District of Washington, sitting by designation.

sought to change their pleas. The district court denied the relief under Fed. R.Crim.P. 32.

The defendants now appeal, with new counsel, and assert that their guilty pleas were taken in proceedings which did not satisfy Fed.R.Crim.P. 11.

We have examined the record, and agree that the district judge receiving the guilty pleas did not, in the case of the defendant Landry, make the comprehensive record of the factual basis for the plea required by Rule 11 and by McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), citing with approval Heiden v. United States, 353 F.2d 53 (9th Cir. 1965).

The defendant Landry did confer at length with retained counsel before and during the proceedings in which he pleaded guilty, but he never told the district judge that he understood the charge. He was equivocal about the degree of his participation in the conspiracy, and his equivocation caused the judge to recess the proceedings. After further consultation with counsel, Landry announced that he wished to persist in his guilty plea, but, again, he did not acknowledge, and the record does not show, that he understood the elements of the crime.

There is some circumstantial evidence that Levin and Landry may have thought they would receive probation because of their service as informers. The motion to change the plea was a reaction to a sentence of confinement (brief as it was in light of the maximum penalty of five years on each count).

On oral argument, Levin abandoned his appeal. Landry obviously did not abandon the appeal; and while the withdrawal of his plea at this time is difficult to rationalize on a practical basis, we believe the law regarding Rule 11 to be so clear that reversal is unavoidable.

Reversed and remanded, with instructions to permit Landry to change his plea.