**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jose MELENDREZ–SALAS, Defendant-Appellant.**

**No. 72–1787.**

United States Court of Appeals, Ninth Circuit.

Sept. 22, 1972.

---

George Haverstick (argued), San Diego, Cal., for defendant-appellant.

James W. Meyers, Asst. U. S. Atty. (argued), Stephen G. Nelson, Douglas G. Hendricks, Jeffrey F. Arbetman, Asst. U. S. Attys., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HUFSTEDLER and WRIGHT, Circuit Judges, and LUCAS, District Judge.*

PER CURIAM:

In this appeal from a conviction for smuggling marijuana, appellant makes three assignments of error: (1) the evidence was insufficient to sustain the conviction, (2) the court improperly denied a jury request during deliberation to have certain testimony read again, and (3) the court abused its discretion by refusing to accept a plea of guilty. We have considered all of the contentions, find that none has merit, and will discuss only the third.

■ Counsel had discussed appellant's offer to plead guilty and tendered to the trial court a guilty plea to a lesser offense. This was refused. Defendant was unwilling to admit outright that he was guilty of knowingly carrying marijuana in his automobile but only that he had reason to suspect that he was. The prosecution had agreed not to oppose probation if the plea were accepted.

■ The acceptance of a guilty plea is discretionary.[1]

Appellant relies on North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L. Ed.2d 162 (1970), to support his contention that a trial judge must accept a knowing and intelligent guilty plea despite a protestation of innocence. But we observe that *Alford* specifically holds the contrary.

"Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court. . . ." North Carolina v. Alford, supra at p. 38 n. 11, 91 S.Ct. at p. 168.

*See also* United States v. Pineda-Espinoza, 455 F.2d 498 (9th Cir. 1972).

Affirmed.

---

* Honorable Malcolm M. Lucas, United States District Judge, Central District of California, sitting by designation.

1. Rule 11, F.R.Crim.P. states:
   "*The court may refuse to accept a plea of guilty*, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea.
   "The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." [Emphasis added.]