**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Peter ERLENBORN, Defendant-**
**Appellant.**

**No. 73–1307.**

United States Court of Appeals,
Ninth Circuit.

July 13, 1973.

George S. L. Dunlop (argued), San Francisco, Cal., for defendant-appellant.

F. Steele Langford, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., Paul J. Fitzpatrick, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

## OPINION

Before DUNIWAY and WRIGHT, Circuit Judges, and SMITH *, District Judge.

DUNIWAY, Circuit Judge:

On November 13, 1972, Erlenborn pled guilty to a charge of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On December 22, 1972, the date set for sentencing, Erlenborn moved in open court under Rule 32(d) F.R. Crim.P. to withdraw his guilty plea, and for an evidentiary hearing on the motion. The court denied these motions, and sentenced Erlenborn. He appeals and we affirm.

Erlenborn's attorney at the time of the November 13 hearing was a Mr. Shapiro. He informed the court that Erlenborn wished to plead guilty to the charge of possession with intent to distribute, and that the government was to move the court to dismiss a misdemeanor count in the indictment (possession of a controlled substance, in violation of 21 U.S.C. § 844(a)), and would not seek to have Erlenborn indicted for filing a false passport application. The court questioned Erlenborn concerning his plea. However, when Erlenborn was asked whether he was pleading guilty because he was in fact guilty, he replied, "No, I'm not pleading guilty because of that. I'm pleading guilty because of extraneous circumstances." The court pursued the matter, pointing out that the plea would not be accepted unless the court was convinced that Erlenborn was guilty. While not maintaining that he was not guilty, Erlenborn repeatedly refused to give a straightforward answer to the question whether he was in fact guilty. He stated only that he wanted to plead guilty. When the court asked him "Do you feel that you're being coerced in this regard?," he responded "I'm being coerced by virtue of the facts of the case and the evidence that would be brought up in a criminal proceeding." The court refused to accept the plea, and suggested that at the noon recess Erlenborn and his attorney could discuss the question further.

At the afternoon session Erlenborn told the court in definite terms of his involvement in the illegal activity. In narrative form, here is what he said:

"Well, the basis of the facts are that my house was indeed used for a transaction, that certain people did come there to do a transaction concerning marijuana in hashish form, and that I was aware of the fact that these people were coming, and I was aware of the fact what they were going to do. I was going to receive money out of the transaction. I knew that this was illegal to do and that possession and distribution of marijuana in hashish form is against the law. I knew that my house was being used, and that I would have received money by this illegal transaction. I was not intoxicated at the time nor under the form [sic—influence?] of any narcotics myself or being coerced by anyone. I did it freely and voluntarily and of my own free will for the purpose of monetary reward; I would say it extends beyond that, but for the record, I think that suffices; I was going to make money out of the transaction."

The court then continued to question Erlenborn, until it was satisfied that the plea was voluntarily and knowingly made and that there was a factual basis for it.

On December 22, 1972, the date set for sentencing, Erlenborn had a new attorney, Mr. Dunlop. In the interim, one of

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

Erlenborn's co-defendants in the indictment, Wolfe, had been acquitted by a jury of violating 21 U.S.C. § 841(a)(1).

### 1. *Rule 11.*

█ Erlenborn's contention that the court did not comply with Rule 11 is without merit. He concedes that the inquiries of the court at the afternoon session on November 13 reflect compliance with Rule 11, but argues that, when the afternoon session is viewed in the light of what took place during the morning session, it should be clear that Rule 11 was not complied with. The theory is that Erlenborn's hesitancy during the morning session to tell the facts concerning his involvement in the crime in some manner vitiated the voluntary knowing quality of the plea, or its factual basis. We cannot accept this theory. Erlenborn's responses to the court's questioning during the morning session reflected the fact that his plea of guilty was induced in part by the plea bargain and in part by the facts that made him guilty. Nothing that he said during the afternoon was inconsistent with any statement of his or of his attorney that was made during the morning session.

*Compare* United States v. Landry, 9 Cir., 1972, 463 F.2d 253. In *Landry* the guilty plea was accepted despite initial equivocation by the defendant (which caused the court to recess the proceedings) in responding to the court's Rule 11 in questioning. This court reversed because the defendant did not acknowledge, as Erlenborn did, and the record did not reveal, that the defendant understood the elements of the crime. *See* Maxwell v. United States, 9 Cir., 1966, 368 F.2d 735 (trial court refused to accept guilty plea because defendant stated he had been drinking and had no recollection of committing the crime) and United States v. Pineda-Espinoza, 9 Cir., 1972, 455 F.2d 498 (Ely, J., concurring) (tendered guilty plea refused because defendant denied knowledge that packages he possessed contained heroin; if record had disclosed plea was induced by plea bargain, acceptance of plea might

have been appropriate even so). *See also* North Carolina v. Alford, 1970, 400 U.S. 25, 35–37, 91 S.Ct. 160, 27 L.Ed.2d 162.

### 2. *Denial of a hearing.*

█ Erlenborn argues that he was improperly denied a hearing on his motion to withdraw his guilty plea. If there existed factual matters truly in controversy and bearing directly on the plea, and not resolved in the Rule 11 colloquy, we would be disposed to remand for an evidentiary hearing. *See* United States v. Joslin, 1970, 140 U.S.App.D.C. 252, 434 F.2d 526, 531; Zaffarano v. United States, 9 Cir., 1962, 306 F.2d 707, 710. *Cf.* Sherman v. United States, 9 Cir., 1967, 383 F.2d 837. However, in this case we cannot say that a hearing was necessary.

In his affidavit and Motion to Withdraw Plea of Guilty Erlenborn made a number of allegations: 1) that his plea was made without full understanding of the offense and possible punishment; 2) that his attorney, Shapiro, did not effectively assist him; 3) that Shapiro during the noon recess on November 13 "pressured" him into answering the court's inquiry as to the factual basis for the plea; and 4) that he is innocent of the charges to which he pled guilty.

█ In all significant respects, these allegations were answered during the proceedings of November 13 and December 22. *See* Sherman v. United States, *supra.* Indeed, it was because of Erlenborn's initial hesitancy to discuss the factual basis underlying his plea that the court, hoping to resolve such problem, engaged in rather extensive colloquies with Erlenborn and his attorneys.

Erlenborn's first claim, that his plea was made without full understanding of the offense and possible punishment, is directly belied by the record. These matters were fully explained to him and he told the court that he understood them.

His second claim is likewise belied by the record, which reveals that the court made sufficient inquiry as to the quality

of assistance rendered Erlenborn by Shapiro, and Erlenborn's satisfaction with it.

Erlenborn's third claim, that he was "pressured" by his attorney during the noon recess on November 13 into spelling out to the court the facts of his involvement in the crime is also contradicted by the record. At the beginning of the afternoon session on November 13, Shapiro told the court what had occurred during the afternoon recess:

"MR. SHAPIRO: * * *

I explained to Mr. Erlenborn that as I understood his situation with respect to Count 2, that the facts in which he was involved would bring him within the ambit of guilty according to Count 2, and that if you want the words from Mr. Erlenborn, he would tell you the facts underlying his plea to Count 2.

He was confused when you asked him for the facts as to the plea, not realizing that the facts that you were discussing with him was [sic] relegated to Count 2 and what his culpability was, insofar as Count 2 is concerned.

* * *

On that basis, I advised him that he was in fact within the ambit of that section and that his plea would be based upon those facts."

Further, the court's observation of Erlenborn convinced it that his statements were freely and knowingly given:

"Mr. Erlenborn certainly was not shaken. He was certainly not disturbed. I watched his demeanor here and watched his stance, and what have you, and he spoke to me very clearly and intelligently. It is the Court's opinion that he knew exactly what he was doing."

Erlenborn's fourth claim, that he is innocent of the charges to which he pled guilty, is mere assertion. He does not retract the statements that he made on the afternoon of November 13 concerning his involvement in the crime.

■■ It was not error for the district court to deny the motion for a hearing. In cases where a motion to withdraw a guilty plea is made, as here, before sentencing, the motion should be granted "if for any reason the granting of the privilege seems fair and just." Kercheval v. United States, 1927, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009. Generally speaking, a motion made before sentencing should be freely allowed. Kadwell v. United States, 9 Cir., 1963, 315 F.2d 667, 670. However, this is a matter within the discretion of the trial court, and we will not disturb the trial court's ruling denying such motion unless an abuse of discretion has been shown. United States v. Youpee, 9 Cir., 1969, 419 F.2d 1340; Sherman v. United States, *supra*; Zaffarano v. United States, 9 Cir., 1964, 330 F.2d 114, cert. denied, 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 35. We cannot, in the circumstances of this case say that the court abused its discretion in denying the motion. We find nothing in the decision in Fontaine v. United States, 1973, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169, that indicates that an evidentiary type hearing was required in this case. In that case, the factual allegations made by Fontaine had not been considered at all in the Rule 11 hearing. Rather, this is a case in which to apply the "generalization" approved by the Court in *Fontaine*, "that when a defendant expressly represents in open court . . . that his plea is voluntary . . . he 'may not ordinarily' repudiate his statements to the sentencing judge."

We do not rely on the government's argument that Erlenborn's waiting until his co-defendant, Wolfe, had been acquitted before Erlenborn sought to withdraw the plea prejudiced the government. It does seem pretty clear, however, that it is Wolfe's acquittal, not the four reasons stated in Erlenborn's motion, that caused him to change his mind. In short, he appears to have been playing games with the court.

Affirmed.