UNITED STATES of America,
Plaintiff,

v.

PRESTON TRUCKING CO., Defendant.
No. CR 72-300.

United States District Court,
N. D. Ohio, E. D.

Sept. 24, 1973.

John P. Berena, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff.

Daniel W. Hammer, Thompson, Hine & Flory, Cleveland, Ohio, for defendant.

MEMORANDUM OPINION
AND ORDER

LAMBROS, District Judge.

Defendant is moving for leave to withdraw its plea of nolo contendere to eight counts of an information charging improper assessment of tariffs in violation of 49 U.S.C. §§ 317(b) and 322(c). The basis of defendant's motion is that, because it later lost a civil suit based on issues related to the charges in the criminal cases, it would be manifestly unjust not to permit it to withdraw its plea under Rule 32(d) of the Federal Rules of Criminal Procedure.

## I. BACKGROUND OF CASE

On September 26, 1972, the Court accepted defendant's plea of nolo contendere, adjudged defendant guilty, and fined defendant $200 on each of the eight counts. Upon motion of the Government, the Court dismissed the remaining seven counts of the information. Defendant paid the fine.

The basis of the information was that defendant had assessed Fairfield-Tomlinson, Inc. ("Fairfield") less than the compensation for transportation required under the effective tariffs of defendant on file with the Interstate Commerce Commission. Fairfield also entered a plea of nolo contendere to similar charges and received a similar fine.

Prior to judgment in the criminal case, defendant filed a civil suit in this Court against Fairfield to recover the difference between the rate that it had charged Fairfield and the rate which the ICC contended was correct. On February 6, 1973, the Court entered judgment in favor of Fairfield in the civil suit on the ground that defendant (Preston Trucking Company) had failed to show that the rate charged was not correct. Preston Trucking Co., Inc. v. Fairfield-Tomlinson, Inc., No. C 72–632 (N.D.Ohio 1972) (unreported).

## II. CONCLUSIONS OF LAW

■■ In general, a plea of nolo contendere is an admission of guilt for purposes of the case and ordinarily leaves open for review only the sufficiency of the indictment. United Brotherhood of Carpenters and Joiners of America v. United States, 330 U.S. 395, 412, n. 26, 67 S.Ct. 775, 91 L.Ed. 973 (1947); United States v. Grayson, 416 F.2d 1073 (5th Cir.), cert. denied 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753, reh. den. 397 U.S. 1003, 90 S.Ct. 1114, 25 L.Ed.2d 415, reh. den. 399 U.S. 917, 90 S.Ct. 2191, 26 L.Ed.2d 576 (1969). Unless the request is made prior to sentencing, Rule 32(d) of the Federal Rules of Criminal Procedure permits the Court to set aside the conviction and allow the defendant to withdraw his plea only "to correct manifest injustice."

■ There are several factors present in this case which militate against a determination that the conviction resulted in manifest injustice. One consideration is that issues related to a criminal conviction generally become moot when the fine has been paid and the defendant makes no claim that the conviction will result in any legal disadvantage. United States v. Bohling, 399 F.2d 305 (6th Cir. 1968). In this case, the fine has been paid and there is no indication of a legal disadvantage resulting for defendant. Thus, the issues are probably moot and there is little likelihood that injustice will result if the conviction is permitted to stand.

■ Furthermore, there is no allegation that the indictment in this case is in any way faulty, that defendant was not properly represented by counsel, that defendant's plea was not voluntary, or that defendant did not understand the consequences of plea. At the time of the plea, counsel for defendant and counsel for the Government were both operating under the uncertainty of success on the merits. In a compromise, the Government dismissed seven counts of the information and counsel for defendant entered a plea of nolo contendere to the other eight counts of the information. The fact that defendant later lost a civil suit on the same theory in a proceeding to which the Government was not a party and therefore may have guessed wrong as to the outcome of the criminal case falls short of "manifest injustice." See generally North Carolina v. Alford, 400 U.S. 25, 35–39, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

For these reasons, the Court concludes that it would not be manifestly unjust to permit the plea of nolo contendere and the conviction and judgment thereon to stand. It therefore denies defendant's motion to withdraw his plea and for relief from judgment.

It is so ordered.