UNITED STATES of America, Plaintiff,

v.

Herman Tracy CLARK, Defendant.

No. CR–75–32.

United States District Court,
W. D. Oklahoma.

July 28, 1976.

William R. Burkett, U. S. Atty., by O. B. Johnston, III, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

David T. Cook, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Pursuant to Rule 32(d), Federal Rules of Criminal Procedure the defendant, Herman Tracy Clark, has filed a Motion to Withdraw his plea of Nolo Contendere. In support thereof he alleges that:

"a) was coerced by counsel thru: misinformation as to length of sentence; erroneous advice as to the basis & necessity of the plea; and, by the threat of death penalty facing him in State Court proceedings.

b) counsel: ignored defendant's continued assertions of innocence and entered defendant into a plea of 'nolo con-

tendre'; erroneously informed defendant on 2 different occasions that he could not withdraw his 'plea'; and intimidated the defendant from personally seeking to withdraw his 'plea' at sentencing.

c) counsel failed to file an appeal to, as requested by defendant, or to file a timely 'notice of appeal' for defendant.

d) is depriving him of liberty, for he is innocent of the charges he entered the 'plea' too.

e) the trial Court; before accepting the 'plea' failed to fully comply with the requirements of Rule 11 (F.R. of Cr.Pro.); and, acted on a Mr. Marvin York's 'Motion to Withdraw' as counsel without notifying defendant; requiring his presence before the bar of the Court; obtaining his consent or otherwise allowing him to speak in his behalf.

f) the actions in (e) supra, tainted the defendant's right to effective & meaningful representation by counsel at all stages of the proceedings, with counsel 'unhampered & unfettered' in his duty and capacity to fulfill his obligations to defendant."

From the court's examination of the files and records herein it appears that on January 6, 1975, the First State Bank of Gould, Oklahoma, was robbed by two black males. The defendant, Herman Tracy Clark, was apprehended approximately 30 miles from Gould, Oklahoma, around 10:30 a. m. on that date and questioned by F.B.I. Agents and admitted that he was inside the bank during the robbery. He and his brother, Algin William Clark, were charged by Complaint with the bank robbery later that day and were brought before the magistrate for an initial appearance on January 7, 1975. Pursuant to the request of the defendant, Herman Tracy Clark, the magistrate appointed counsel, State Senator Marvin B. York. An Indictment was returned on January 17, 1975, charging the two Clarks with violation of Title 18, United States Code, Section 2113(a), (d) and (e). On January 22nd the defendant, Herman Tracy Clark, with his court-appointed attorney appeared before the court for arraignment and en-

tered a plea of not guilty to the charge. Thereafter, counsel filed in behalf of the defendant Motion for Change of Venue, Motion for Determination of Mental Competency, a Motion to Suppress and a Motion for Discovery and Inspection, for Discovery of Grand Jury Testimony and for Exculpatory Information February 3, 1975. On February 4, 1975, the court entered an Order for Psychiatric Examination of the defendant, Herman Tracy Clark. On February 5, 1975, Herman Tracy Clark's counsel, Senator York, filed a Motion to Withdraw as attorney stating by affidavit that he had learned that one of the tellers from the bank who had been shot in the face and arm was the daughter of a close personal friend with whom he had served in the legislature and that he could not conscientiously continue to defend Herman Tracy Clark. He further stated that the government's case against the defendant was strong, a State Murder charge was also pending against the defendant and that the press of legislative duties would not permit him to devote the necessary time to Mr. Clark's defense. In the light of these declarations, the court immediately substituted as counsel for Herman Tracy Clark Mr. David T. Cook, a well qualified attorney.

On February 12, 1975, the defendant Herman Tracy Clark and Mr. Cook appeared in court for the mental competency hearing. The report of the examining psychiatrist which found the defendant Herman Tracy Clark mentally competent both at the time of the offense and to stand trial was received in evidence without objection by the parties. The defendant Herman Tracy Clark specifically waived his right to have the psychiatrist present for the purpose of cross-examination and advised the court that the defendant had no evidence to present. After the court had made a judicial determination that the defendant Herman Tracy Clark was mentally competent at the time of the offense, and that he was presently mentally competent to stand trial, Mr. Cook requested permission of the court for the defendant Herman Tracy Clark to change his plea.

Upon the defendant Herman Tracy Clark's confirmation that this was his desire, the court reviewed again with him the charge and the defendant advised the court that he understood the nature of the charge. The court personally advised the defendant that the minimum punishment which he could receive from a guilty plea or conviction was 10 years imprisonment and that the maximum punishment was life imprisonment. The defendant acknowledged that he understood the range of penalties, and proceeded to enter a plea of nolo contendere, to which the government objected. The defendant denied that anyone had given him any promises or used any force or threats to cause him to change his plea from not guilty to nolo contendere and asserted that it was done of his own free and voluntary will. (Transcript of proceedings on February 12, 1975, p. 7.) He stated that the plea was entered after consultation with his attorney with whose legal services he was satisfied. (Ibid. p. 8.) The court carefully explained to the defendant the waivers implicated by the plea. The defendant then admitted that he had committed the offense and in response to specific inquiry by the court the following record was made:

"THE COURT: On or about the 6th day of January, 1975, at Gould, in Harmon County, Oklahoma, did you, by force and violence and intimidation, take from the presence of Emory Crowe, Jana Robinson and Wanda Masters, a sum of money belonging to and in the care, custody, control, management and possession of the First State Bank of Gould, Oklahoma?

DEFENDANT H. T. CLARK: Yes.

THE COURT: Do you know that this Bank had its deposits insured by the Federal Deposit Insurance Corporation?

DEFENDANT H. T. CLARK: Yes.

THE COURT: Do you know this?

DEFENDANT H. T. CLARK: No, not really.

THE COURT: Does the United States Attorney know this?

MR. JOHNSTON: Yes, Your Honor. They were insured by the Federal Deposit Insurance Corporation.

THE COURT: On the 6th day of January, 1975?

MR. JOHNSTON: Yes, Your Honor.

THE COURT: Does the Defendant have any reason to believe this is not a correct statement?

DEFENDANT H. T. CLARK: No.

THE COURT: And in doing this, that is, taking from the presence of these people a sum of money belonging to this bank, did you commit an assault on Emory Crowe?

DEFENDANT H. T. CLARK: Yes.

THE COURT: I didn't hear you.

DEFENDANT H. T. CLARK: Yes.

THE COURT: And did you force Jana Robinson and Wanda Masters, without their consent, to accompany you from this bank?

DEFENDANT H. T. CLARK: Yes."
(Tr. p. 9, 10.)

■ The defendant's contention that the court failed to comply with the requirements of Rule 11, Federal Rules of Criminal Procedure is wholly without merit. He points to no particular in which the proceedings were inadequate. The record plainly reflects that the court did not accept the plea of nolo contendere until the court had first addressed the defendant personally and determined that the plea was made voluntarily with the understanding of the nature of the charge and the consequences of the plea. Although not specifically required by the Rule to do so the court did satisfy itself by direct inquiry of the defendant that there was a factual basis to find the petitioner guilty of the offense charged.

■ The defendant's complaint that Mr. York was permitted to withdraw as counsel without his consent is frivolous. He admits that Mr. York had informed him that he would be unable to continue as his attorney and the reasons for his actions. Mr. York was court-appointed and the defendant's consent was not necessary for the

court in the proper exercise of its discretion to relieve him and appoint new counsel. The defendant's right to counsel does not include an absolute right to have the particular counsel of his choice. *Tibbett v. Hand,* 294 F.2d 68 (CA10 1961); *United States v. Hampton,* 457 F.2d 299 (CA7 1972); *United States v. White,* 451 F.2d 1225 (CA6 1971); *United States v. Burkeen,* 355 F.2d 241 (CA6 1966), cert. denied, *Matlock v. United States,* 384 U.S. 957, 86 S.Ct. 1582, 16 L.Ed.2d 553; *Nash v. Reincke,* 325 F.2d 310 (CA2 1963), cert. denied, 377 U.S. 938, 84 S.Ct. 1345, 12 L.Ed.2d 302; *Reiff v. United States,* 299 F.2d 366 (CA9 1962), cert. denied, 372 U.S. 937, 83 S.Ct. 884, 9 L.Ed.2d 768; *Conroy v. United States,* 296 F.Supp. 693 (N.D.Okla.1969). Here the grounds given by Mr. York for his request certainly justified the action by the court and in fact the court would have been unfair in its duty to the defendant if it had insisted that counsel proceed under the circumstances. The prompt appointment of another attorney to represent the defendant avoided any interval in which the defendant was without counsel with whom he could consult for advice.

During the time that Mr. York was counsel for the defendant he filed all the appropriate motions and did everything which as an attorney he could do to protect the defendant's rights. His withdrawal came two weeks prior to the date for trial and if defendant had not decided to change his plea and substitute counsel, for any reason, had felt that he could not be prepared, an application for a continuance could have been made to the court. It is irrelevant for the defendant to complain because Mr. York may have suggested to him that he should plead guilty since he did not heed his advice and the change of plea did not occur until a week after the substitution of counsel. Moreover, where a defendant has no defense to the merits of the criminal charge, counsel's duty to his client does not conflict with the sense of responsibility to the court and the public and all may well dictate that counsel advise his client to enter a plea of guilty. *United States v. Jones,*

392 F.2d 567 (CA4 1968), cert. denied, 393 U.S. 882, 89 S.Ct. 186, 21 L.Ed.2d 156.

The defendant's claim of innocence is mere assertion. He explicitly and directly admitted doing the acts which were alleged in the Indictment. He does not in any way retract those statements made to the court at his change of plea and implicitly reaffirmed at sentencing. His conclusory averment of innocence is insufficient to entitle him to withdraw his plea. *United States v. Erlenborn,* 483 F.2d 165 (CA9 1973).

The defendant's allegations that his plea was coerced by counsel's misrepresentations concerning sentence and the reason for the plea of nolo contendere and by the threat of the death penalty in the State proceedings do not establish the existence of manifest injustice in this case. He does not allege any agreement with the prosecution nor a specific understanding with the court. As stated in *Masciola v. United States,* 469 F.2d 1057, 1059 (CA3 1972):

> "Manifest injustice does not result from erroneous advice from counsel as to what sentence will be imposed."

An attorney may offer his client a prediction, based upon his experience or instinct, of the sentence possibilities which he should weigh in determining upon a plea. *Wellnitz v. Page,* 420 F.2d 935 (CA10 1970). As observed by the court in *Schnautz v. Beto,* 416 F.2d 214, 215 (CA5 1969):

> ". . . All pleas of guilty are the result of some pressures or influences on the mind of the defendant. This is a good time to make it plain that when a defendant has counsel as he did here, that counsel is the manager of the law suit. If the best professional advice that a lawyer can give is to enter a guilty plea and the accused relies on his lawyer's expertise, the accused cannot later successfully urge the plea was involuntary on the basis of counsel coercion."

In *United States v. Rich,* 516 F.2d 861 (CA2 1975) by way of a Rule 32(d) Motion the defendant sought to withdraw his guilty plea claiming that his counsel had "guaranteed him" that if he were sentenced to

consecutive terms, he would be permitted to withdraw his plea. The trial court denied the Motion and on appeal the court stated:

"If Judge Holden had sustained Rich's argument and permitted him to withdraw his plea, he would, in effect, allow an alleged guarantee by counsel to become self-operative. We hold that so long as the trial judge has fully and clearly inquired of the defendant's understanding concerning the plea, the process should not be frustrated by secret agreements between the defendant and his counsel." 516 F.2d at 862.

■ The obvious basis for suggesting the use of the nolo contendere plea by the defendant was that such a plea could not be used against the defendant in his State trial for the murder of a bank employee. This was not erroneous or bad advice. It is because of the possible consequences in the State proceeding that the court did not insist upon a plea of guilty but accepted the nolo contendere plea over the objections of the government. If there was any misleading advice concerning the effect of the nolo contendere plea in the State trial, it certainly did not amount to an unconstitutional ineffective assistance of counsel. In *Criser v. United States,* 319 F.2d 849, 850 (CA10 1963) the defendant's Motion to withdraw his plea of guilty pursuant to Rule 32(d) on the ground that his lawyer was incompetent and assured him that his federal sentence would run concurrently with the State sentence was denied by the district court and in affirmance the Court of Appeals pointed out:

"Mistakes of counsel are not grounds for relief unless the proceedings were a mockery or resulted in the deprivation of constitutional rights."

See also *Barber v. United States,* 227 F.2d 431 (CA10 1955). No such showing is made here.

The defendant's concern about his State murder charge and its relation to the federal prosecution does not render his plea involuntary. Much stronger facts than those alleged in this case appear in *United States v. Thomas,* 415 F.2d 1216 (CA9 1969) where the defendant plead guilty to a federal bank robbery charge and unsuccessfully sought to withdraw his plea before sentence on a contention that his plea was coerced by counsel who had told him that if he plead guilty to the federal charge a pending State charge for which the death penalty might be imposed, would be dismissed. Even under the more liberal treatment accorded a Motion to withdraw prior to imposition of sentence, the appeals court found no such coercion as would make it an abuse of discretion to deny permission to withdraw the plea.

■ The defendant's charge that counsel ignored his request to file an appeal likewise does not demonstrate the "manifest injustice" which is a threshold requirement of a Rule 32(d) Motion after sentence has been imposed. An appeal would have been patently futile and the court would not even have granted permission under the circumstances to proceed in forma pauperis on appeal. The defendant's plea of nolo contendere had the same full effect as a plea of guilty. *Fisher v. Schilder,* 131 F.2d 522 (CA10 1943). A plea of guilty is a conviction of the offense with which the defendant is charged and the sentence is imposed upon him by his acts. It is conclusive. *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). A plea of nolo contendere leaves open for review only the sufficiency of the Indictment. *United States v. Preston Trucking Company,* 364 F.Supp. 515 (N.D.Ohio 1973). It has never been suggested that the Indictment in this case was in any way defective and there clearly would be no basis for such an argument. Any claim on appeal that the sentence was too harsh would be plainly frivolous. The severity of a sentence is not a ground for appeal therefrom. *Randall v. United States,* 324 F.2d 726 (CA10 1963); *Egan v. United States,* 268 F.2d 820 (CA8 1959), cert. denied, 361 U.S. 868, 80 S.Ct. 130, 4 L.Ed.2d 108. Federal appellate courts do not have the authority to review sentences. *United States v. Mackay,* 491 F.2d 616 (CA10 1973). Sentencing is within the sole province and discretion of the trial

court and an appellate court will not act so long as the sentence is within the statutory limits prescribed by Congress. *United States v. Stidham,* 459 F.2d 297 (CA10 1972); *United States v. Pruitt,* 341 F.2d 700 (CA4 1965). The sentence imposed by the court was authorized by statute. 18 U.S.C.A. § 2113(e). When the only issue presented for appellate review is the alleged excessiveness of the sentence the court may properly deny leave to proceed in forma pauperis on appeal. *Conroy v. United States,* 296 F.Supp. 693 (N.D.Okla.1969).

A movant under Rule 32(d) is held to the same burden of pleading as a petitioner seeking relief under 28 U.S.C.A. § 2255. *United States v. Tivis,* 302 F.Supp. 581 (N.D.Tex.1969), affmd., 421 F.2d 147 (CA5 1970). In the recent case of *Hedman v. United States,* 527 F.2d 20 (CA10 1975) the Court of Appeals stated:

> "Without doubt, the record of the Rule 11 proceedings are part of the 'records' contemplated by § 2255 and is intended to facilitate the disposition of post-conviction actions, such as this, where claims of an involuntary plea and ineffective counsel are raised. *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). We believe that the district court in this case was not required to conduct an evidentiary hearing when appellant's allegations merely contradicted his earlier statement. In our view, the truth and accuracy of Hedman's statements made at the Rule 11 proceedings should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements. Hedman's § 2255 allegations of an involuntary plea and the lack of effective counsel were completely and conclusively refuted by his earlier statements and were insufficient to trigger the hearing requirement of § 2255. *Hampton v. United States,* 504 F.2d 600 (10 Cir. 1974); *Robinson v. United States,* 474 F.2d 1085 (10 Cir. 1973)."

In *Hedman* the petitioner specifically alleged that his attorney had advised him that as a result of plea negotiations with the United States Attorney's office a plea bargain had been made whereby Hedman would be granted probation in return for a guilty plea. There, as in this case, the petitioner at the time that he entered his plea denied that he had received any promises and that any force or threat had been used to cause him to plead guilty and advised the court that he plead guilty of his own free and voluntary will. A defendant who expressly represents in open court that his plea is voluntary may not ordinarily repudiate his statements to the sentencing judge. *Fontaine v. United States,* 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973); *United States v. Erlenborn,* supra.

The defendant's posture in this court is much the same as that of the defendant which prompted these remarks by the court in *United States v. Finney,* 242 F.Supp. 112, 115 (W.D.Pa.1965):

> "It is to be observed that at no time during the arraignments and sentence proceedings did defendant assert that he was innocent of the charges of bank robbery. Only after a lapse of months does he assert that he was innocent of the crimes. That assertion is conclusory and unsupported by any facts counteracting the specific details of the crimes related to me at the sentencing hearings, and to the prosecuting authorities in his signed deposition taken in the presence of his counsel.
>
> A plea of guilty is a solemn declaration not to be lightly disregarded in favor of self-serving declarations that the pleas were induced by threats and promises, especially when such threats and promises were negatived by the defendant in open court with a capable lawyer at his side . . . .."

The court finds that there is no showing of manifest injustice in this case. To the contrary the record conclusively shows that the defendant committed an aggravated offense, was represented by attorneys, entered a voluntary plea of nolo contendere, and received an appropriately se-

vere sentence. Justice was done, not injustice.

Accordingly, in the exercise of the court's discretion, the defendant's Motion to Withdraw His Plea of Nolo Contendere will be denied.

IT IS SO ORDERED.