931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herman T. CLARK, Defendant-Appellant.
 No. 90-6333.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Clark appeals denial of relief in his eighth post conviction relief proceeding.
 
 Factual Background
 
 3
 In January 1975, the First State Bank of Gould, Oklahoma, was robbed by two men. The robbers assaulted two bank employees, knocking them unconscious. Two other bank employees were abducted, one of whom was killed and the other assaulted. On the same day Mr. Clark was arrested by the FBI and admitted he had been inside the bank during the robbery.
 
 
 4
 Approximately one month later Mr. Clark entered a plea of nolo contendere to the charge of bank robbery (18 U.S.C. Sec. 2113(a), (d), and (e)). Mr. Clark was represented by counsel. Even though the government opposed the acceptance of the plea, the district court accepted the nolo plea and sentenced Mr. Clark to life imprisonment.
 
 Procedural Background
 
 5
 Mr. Clark may fairly be described as a prolific writ writer. The file in this case is massive. The highlights of Mr. Clark's prior efforts to secure his freedom may be found in United States v. Clark, 429 F.Supp. 89 (W.D.Okla.1976), and cases numbered 76-1799, 78-1626, 80-1653, 85-1340 (cert. denied, 476 U.S. 1106 (1986)), 86-2378, and 87-2748, in this court. These prior proceedings have involved a number of claims by Mr. Clark, including ineffective assistance of counsel; defective indictment; involuntary and unintelligent plea; the district court lacked jurisdiction; noncompliance with Fed.R.Crim.P. 11; and bad faith of counsel. None of these cases was decided in favor of Mr. Clark.
 
 The Present Cases
 
 6
 Mr. Clark filed a motion entitled "Motion to Withdraw and Vacate Court's Final Order Pursuant to Federal Rule of Civil Procedure--Rule 60(b)." The thrust of this motion was: (1) noncompliance with Rule 11 in that the district court made an inquiry concerning the factual basis of the crime and Mr. Clark responded without first having been advised of his right to remain silent; and (2) the indictment was defective as it failed "to include that episode [the killing].... Nor did the indictment include the presence and assault of the bank's vice-president." (Motion to Withdraw and Vacate Court's Final Order Pursuant to Federal Rule of Criminal Procedure--Rule 60(b), filed August 27, 1990, p. 15) Mr. Clark argues the omission of these two crimes subject him to the danger of retrial.
 
 
 7
 The district court found this motion abusive of federal procedures allowing collateral challenges to convictions (District Court Order of September 7, 1990), and further noted Mr. Clark had suggested no cause for his failure to raise the instant grounds in his prior post conviction pleadings. Consequently, the district court denied the motion.
 
 
 8
 This action by the district court caused Mr. Clark to file: (1) a motion for rehearing; and (2) a motion to disqualify. Both motions were denied. Mr. Clark promptly filed his pro se notice of appeal. This case is docketed as No. 90-6333. Mr. Clark then filed a motion requesting the district court to explain its reasons for denying the recusal motion. This motion was denied, and Mr. Clark filed a mandamus action with this court, No. 90-578, which was denied December 27, 1990.
 
 
 9
 We grant Mr. Clark permission to proceed with this appeal in forma pauperis. In order that we might reach the merits of his appeal, we also grant a certificate of probable cause.
 
 
 10
 While the present proceeding is brought under the Federal Rules of Civil Procedure, we recognize Mr. Clark is proceeding pro se and is untrained in law. Applying the rules of liberal and reasonable construction of such pleadings, as we must, we will treat Mr. Clark's motion as filed under 28 U.S.C. Sec. 2255.
 
 
 11
 Title 28, U.S.C. Sec. 2255 does not require a sentencing court to entertain a second or successive motion for similar relief on behalf of the same prisoner. A successive motion for similar relief that has previously been decided upon the merits need not be entertained unless it raises questions not previously presented and determined. Stephens v. United States, 341 F.2d 100, 101 (10th Cir.1965). We conclude Mr. Clark has failed to raise a substantial factual or legal question not previously presented.
 
 
 12
 We must note Mr. Clark's present arguments concerning noncompliance with Rule 11 are based upon the 1974 amendments to Rule 11, which did not become effective until December 1, 1975. Mr. Clark entered his plea on February 12, 1975 and was sentenced on March 3, 1975. Therefore, the 1974 amendments are inapplicable.
 
 
 13
 We also note Mr. Clark's arguments concerning the indictment were addressed and rejected by this court in Case No. 85-1340.
 
 
 14
 The judgment of the district court is therefore AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3