**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Victor Alfred RAY, Defendant-Appellant.**

**No. 24895.**

United States Court of Appeals, Ninth Circuit.

Sept. 28, 1970.

Bernard G. Winsberg (argued), Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Howard B. Frank (argued), Asst. U. S. Atty., Robert L. Brosio, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before HUFSTEDLER and TRASK, Circuit Judges and POWELL, District Judge.*

PER CURIAM:

This appeal is from appellant's conviction for bank robbery in violation of 18 U.S.C. § 2113(a). Appellant claims that the District Court committed error by setting aside his plea of guilty to a lesser included offense of possession of stolen property in one count of a four-count indictment, and forcing him to trial on the bank robbery charge. He thus risked a greater penalty on conviction.

---

* Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

Appellant's plea of guilty was to the charge that he had received and possessed stolen bank funds knowing that they had been stolen. [18 U.S.C. § 2113(c)]. The plea was originally accepted by the District Court after a determination that such plea had been made understandingly and voluntarily. At the time set for sentencing it was learned that the probation report contained information that the defendant-appellant believed himself innocent of the charge to which he had pled guilty. Referring to a similar plea by appellant's co-defendant, the district judge stated:

"I just want to be sure that they get an absolutely fair presentation of what their position is, and if there is the slightest doubt about their being guilty, I will not accept the guilty plea." [1]

When the plea was set for further hearing the district judge stated:

"I am not inviting you to do anything at that time, but I am giving you a chance, both of you, at that time if you wish to come into court voluntarily, freely and admit to guilt on that count four or count three, and give me the facts that underlie that plea of guilty, I will accept the plea." [2]

At the time set defendant Ray did not make a further showing. His counsel stated: " * * * Mr. Ray has told me that, in addition, he wishes to make no further statement and proceed no further with any hearing on his plea of guilty other than he has done." [3]

The record shows that the district judge acted with considerate regard for the rights of the appellant. The discretion of a District Court to reject a guilty plea under Rule 11 of the Federal Rules of Criminal Procedure was discussed in Maxwell v. United States, 368 F.2d 735, at 738 and 739 (9 Cir. 1966):

"Under Rule 11, the acceptance or rejection of a plea of guilty lies within the sound discretion of the trial court but, in no event, shall the court exercise discretion in favor of accepting the plea unless it first determines that the plea is made voluntarily with understanding of the nature of the charge. * * * [At page 738].

In our opinion the district court did not abuse its discretion in refusing to accept the plea of guilty. (fn. omitted) This is especially true since Maxwell did not offer to plead guilty to the crime charged—first degree murder —but to the lesser charge of second degree murder. Even if the Government had consented to accept a plea of guilty to a lesser charge, the court would still not have been obliged to accept it. (fn. omitted)." [At page 739].

In McCarthy v. United States, 394 U. S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) the Court emphasized the duty of the District Court to satisfy itself not only of the voluntariness of a guilty plea but also the factual basis in support of the plea.

We hold that the refusal to accept a plea of guilty by the appellant Ray was a proper exercise of the Court's discretion within the mandate of Rule 11.

We have examined appellant's remaining contentions, and we find them without sufficient merit to warrant discussion.

The judgment is affirmed.

1. Reporter's Transcript, May 5, 1969, pp. 39–40.

2. Reporter's Transcript, May 12, 1969, p. 71.

3. Reporter's Transcript, May 16, 1969, p. 77.