**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Barry O'BRIEN,**
**Defendant-Appellant.**

**No. 78–3034.**

United States Court of Appeals,
Ninth Circuit.

Aug. 2, 1979.

Irwin H. Schwartz, Federal Public Defender, Seattle, Wash., for defendant-appellant.

Christine McKenna, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and PALMIERI, Senior District Judge.*

* Of the Southern District of New York.

EUGENE A. WRIGHT, Circuit Judge:

O'Brien was convicted by a jury of making false statements to the Social Security Administration, a felony. He makes three assignments of error: (1) the court abused its discretion in rejecting his guilty plea to the charge of fraudulently misrepresenting his Social Security number, a misdemeanor, (2) the court improperly admitted proof of acts and omissions occurring after the offenses charged, and (3) the court allowed testimony of calculations, based on documents not in evidence, which were offered to prove that appellant received amounts of money substantially beyond those to which he was entitled. We affirm.

## FACTS

O'Brien began to receive Washington State welfare payments in 1970 based on an allegedly disabling back problem. On January 1, 1974, he was converted from the state program to the federally funded Supplemental Security Income Program (SSI).

SSI was established to provide for the aged, blind, and disabled. An applicant's income is relevant in determining eligibility and one is ineligible for disability payments if his injury does not prevent him from working.

Recipients of benefits under SSI must complete periodic eligibility redetermination forms,[1] reporting any income received or anticipated within the succeeding 14 months. Recipients are required to report any improvement in the disabling condition or any return to work.

1. Officially, Form 8200, Statement for Determining Continuing Eligibility for Supplemental Security Income Benefits.

2. 42 U.S.C. § 408(g)(2) provides, in pertinent part:
 Whoever . . . for the purpose of obtaining . . . any payment or any other benefit to which he . . . is not entitled . . . with intent to deceive, falsely represents a number to be the social security account number assigned by the Secretary to him or to another person, when in fact such number is not the . . . number assigned by the Secretary to him or to such other person;

In December, 1974, O'Brien began to work for Nelson Crab Company, a commercial cannery. On December 17, he completed a W–4 form provided by the company, giving his Social Security number as 403–24–2762 instead of his correct number, 304–42–2726. Failure to give the proper one prevented the Social Security Administration from immediately discovering his employment.

On December 19, he filed an eligibility form for Washington State public assistance, for which his wife had remained eligible, but did not report that he was working for wages. On December 21, he prepared and submitted an eligibility redetermination form for SSI, neither listing his wages nor reporting that he had a job.

He was charged with violating 42 U.S.C. § 408(g)(2),[2] a misdemeanor, and 18 U.S.C.A § 1001, a felony.[3] He chose to plead guilty to the lesser offense, stating that he thought a jury would convict him. Upon questioning by the court, however, he steadfastly maintained his innocence and the court rejected the plea. At trial he was acquitted on the misdemeanor charge and convicted of the felony.

## REJECTION OF GUILTY PLEA

■ A trial court has discretion to accept or reject a guilty plea. *United States v. Melendrez-Salas*, 466 F.2d 861 (9th Cir. 1972); Fed.R.Crim.Proc. 11. It may accept a guilty plea of one who protests his innocence, *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), but acceptance is not required. *Id.* at 38 n.11, 91 S.Ct. 160.

shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

3. 18 U.S.C. § 1001 provides, in pertinent part:
 Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious, or fraudulent statements or representations, . . . shall be fined not more than $10,000 or imprisoned not more than five years, or both.

Appellant urges that we adopt a rule making it an abuse of discretion to reject a guilty plea when a defendant refuses to admit guilt. We decline to do so. The First Circuit has pointed out the dangers of such a rule:

> However legally sound the *Alford* principle, which . . . we do not dispute, the public might well not understand or accept the fact that a defendant who denied his guilt was nonetheless placed in a position of pleading guilty and going to jail. . . . We could not support a principle under which, if the court refused to accept a plea, the defendant after trial and a conviction and sentence not to his liking could return and freely litigate the correctness of the court's finding that the requirements of Rule 11 had not been fully met.

*United States v. Bednarski*, 445 F.2d 364, 366 (1971).

Here, the district judge heard the prosecution's case before ruling on the plea. The appellant repeatedly denied that he intended to defraud the government. In these circumstances the court did not abuse its discretion in rejecting the guilty plea. *See United States v. Ray*, 431 F.2d 1177 (9th Cir. 1970).

## EVIDENCE OF SUBSEQUENT ACTS

The government attempted to prove that for several years appellant continued to receive federal and state funds to which he was not entitled. Appellant objected, claiming that the evidence was irrelevant and inflammatory.

 Evidence of other crimes or acts is inadmissible where it tends to prove only criminal disposition, but may be admitted to prove knowledge or intent. Fed.R.Evid. 404(b). Where the evidence tends to prove knowledge or intent, the court must weight its probative value against the potential prejudice. *United States v. Young*, 573 F.2d 1137, 1140 (9th Cir. 1978). The trial judge has considerable discretion in making such a determination. *United States v. Walls*, 577 F.2d 690 (9th Cir. 1978).

 O'Brien had several opportunities to inform the government that he had returned to work. He did not report his wages and received excessive welfare payments. This evidence was enough like the charged offense of knowingly making false statements to the government to be probative on the issue of appellant's knowledge, and was properly admitted.

## FAILURE TO CAUTION THE JURY

 The more difficult question is whether the court's failure to give a cautionary instruction limiting the evidence to the issue of O'Brien's knowledge or intent rendered the evidence so prejudicial as to affect his substantial rights. Fed.R.Crim. Proc. 52(a). Such an instruction was requested and would have been appropriate.

When evidence of other crimes or wrongful acts is admitted to show the intent of a defendant to commit the offense charged, the judge should ordinarily instruct the jury on the limited purpose for which the evidence is admitted. *United States v. Sangrey*, 586 F.2d 1312, 1314 (9th Cir. 1978). Limiting instructions may reduce or eliminate prejudice which would otherwise occur. Giving such instructions is but one factor in deciding whether there has been an abuse of discretion. *United States v. Brown*, 562 F.2d 1144, 1148 (9th Cir. 1977).

 Appellant did not deny that he gave the Social Security Administration false information, but asserted that he made an innocent mistake. Intent was the central issue and was put squarely before the jury by the defense.

The judge emphasized in his instructions that intent is an essential element of the crime charged:

> Intent ordinarily may not be proved directly, because there is no way of fathoming and scrutinizing the operation of the human mind, but you may infer as to the defendant's intent from the surrounding circumstances. It is reasonable to infer that a person ordinarily intends the natural and probable consequence of his knowing act . . . . .

The judge's failure to be more explicit on the subject of O'Brien's subsequent acts did not affect appellant's substantial rights and was harmless error.

*United States v. Minyard*, 461 F.2d 931 (9th Cir. 1972), is apposite. There, the defendant was convicted of fraudulently obtaining Economic Opportunity Program grant money. At the close of the government's case, one count relating to an alleged fraud was dismissed because the money obtained was not from the government. The court did not withdraw the evidence pertaining to that count, nor did it instruct the jury on the use it could make of it.

On appeal, we noted that "the circumstances surrounding [the dismissed count] dealt with the same general course of conduct, during the same period of time, and required the same specific intent on the part of defendant as in the case of the other counts on which defendant was convicted." *Id.* at 933. Because of the nature of the evidence, we saw little likelihood that it would establish, independent of the charged offenses, that the defendant was a "bad man" because he had committed an unrelated crime.

The reasoning in *Minyard* is compelling here.

### EVIDENCE OF OVERPAYMENT

■ The court allowed the government to present evidence designed to show the amount that O'Brien was overpaid after his misstatements and omissions. This was relevant to the issue of his motive to falsify the information.

Appellant assigns error to the admission of testimony by Kay Sherwood, a fraud investigator for the Social Security Administration. Sherwood testified to the method used in calculating the overpayment. She arrived at a figure "by taking the amount of wages that he had for each individual month and deducting the amount of the exclusions that he was entitled to receive and reducing the balance by half." In addition, she allowed the defendant a nine-month trial work period. She testified that the figure overpaid was something over $1,800.

The government did not offer the letters from the Nelson Crab Company to the Social Security Administration from which Sherwood's wage figures were derived. Appellant argues that, by testifying to the amount of the overpayment, Sherwood summarized documents that were unavailable to appellant. He cites the rule that the proponent of a summary must establish a foundation by showing that the underlying materials upon which the summary is based are admissible in evidence. *See, e.g., United States v. Johnson*, 594 F.2d 1253, 1256 (9th Cir. 1979).

■ Counsel's objection was insufficient to invoke the protection of Rule 1006 of the Federal Rules of Evidence.[4] Following Sherwood's description of the method used to compute the overpayment, counsel objected: "[S]he is testifying from information not in evidence, and there is testimony of discrepancies in the figures."

Rule 1006 does not refer to information not actually in evidence. Counsel may have thought she was making an objection based on the rule as to summaries, but is is clear from the record that the judge was not made aware that he was to rule on that ground.

■ An objection must state the specific ground relied on if it is not apparent form the context. Fed.R.Evid. 103(a)(1). Moreover, if a general objection is overruled when a specific objection should have been made, the party is precluded from asserting the proper objection on appeal. *United States v. Martin*, 587 F.2d 31, 33 n. 1 (9th Cir. 1978).

4. Rule 1006 of the Federal Rules of Evidence provides:

The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

In the alternative, appellant claims the testimony was hearsay based on documents not subject to any exception to the hearsay rule. Arguably, the objection was sufficient to preserve this contention. Even if the testimony was hearsay, however, appellant was not prejudiced by its admission.

Sherwood testified that she calculated the overpayment based on figures given to the Social Security Administration by the Nelson Crab Company. These were taken from time cards and payroll sheets which were available to appellant and were introduced in evidence. The company bookkeeper was a witness and defense counsel was able to cross-examine him.

In addition to the wage records, appellant had access to information pertaining to the exclusions O'Brien was entitled to claim. Had there been a substantial error either in the method of calculation or in the total overpayment attributed to the false statements, defense counsel could have developed it. Defense counsel did in fact use the formula to show that O'Brien was overpaid by $9.00 in the last quarter of 1974.

Appellant has not shown that the figure testified to by Sherwood is materially incorrect. The government was not required to prove any overpayment under the charged offenses. The evidence was relevant only to prove that appellant knew that he was misleading the Social Security Administration. Under the circumstances, the admission of the testimony was harmless error.

AFFIRMED.