OPINION OF THE COURT
FOREMAN, Judge:
Contrary to his pleas, the appellant was convicted of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1976). His approved sentence provides for a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $350.00 pay per month for three months and reduction to the lowest enlisted grade.
The appellant and a Private Fretz were charged with stealing a motorcycle trailer. Fretz was tried separately and convicted of stealing the trailer. The prosecution’s evidence in the appellant’s case consisted of a stipulation of the expected testimony of the alleged victim of the larceny establishing the ownership, loss and value of the trailer; pictures of the trailer; and a sworn, written confession by Private Fretz which implicated the appellant in the larceny.
The prosecution offered Fretz’ statement as a statement against penal interest from an unavailable declarant, pursuant to Military Rule of Evidence 804(b)(3). That rule permits the admission of an out-of-court statement when three tests are met: (1) the declarant is unavailable; (2) the statement so tends to subject the declarant to criminal liability that a reasonable man in his position would not have made the statement unless he believed it to be true; and (3) the statement, if offered to exculpate the accused, is corroborated by circumstances clearly indicating its trustworthiness.
The trial defense counsel objected to the admission of Fretz’ statement on the ground that Fretz was available to testify. During the hearing on the defense objection Fretz’ defense counsel testified that Fretz had been convicted of the larceny by a special court-martial, the convening authority had not yet acted on the case, he had advised Fretz to invoke his privilege against self-incrimination and not testify, and Fretz had indicated that he would follow his counsel’s advice. The military judge asked if either counsel saw any need to call Fretz as a witness to verify that he would refuse to testify. The trial defense counsel conceded that Fretz would refuse to testify if called.
The appellant now contends that the military judge erred by admitting Fretz’ out-of-court sworn statement for two reasons. First, he asserts, as he did at trial, that Fretz was not shown to be unavailable. Secondly, he posits, for the first time on appeal, that because Fretz’ statement was not supported by independent “indicia of reliability,” his right of confrontation under the sixth amendment was infringed. We hold that the military judge was correct in ruling that Fretz was unavailable. See Mil. R.Evid. 804(a)(1); United States v. Thomas, 571 F.2d 285 (5th Cir.1978). However, for the reasons set forth below, we hold that the military judge erred in admitting Fretz’ statement in evidence without requiring the prosecution to produce independent “indicia of reliability.”
The requirement that a statement against penal interest be corroborated by evidence “clearly indicating its trustworthy *768 ness” appears at first glance to be inapplicable to this ease because Military Rule of Evidence 804(b)(3) has no express requirement for corroboration of a statement against penal interest which inculpates rather than exculpates the appellant. However, the legislative history of Federal Rule of Evidence 804(b)(3) makes it clear that Congress deleted the corroboration requirement for inculpatory statements only because they considered it unnecessary and undesirable to codify a constitutional principle. See Senate Rep. No. 93-1277, 93rd Cong., 2nd Sess., reprinted in 1974 U.S.Code Cong. & Ad.News 7051, 7068. Nevertheless, the drafters and Congress recognized that the requirements of the confrontation clause of the sixth amendment must be met before a statement against the penal interest of a third-party declarant which inculpates an accused may be admitted against the accused. These constitutional requirements are met only if there is evidence indicating the trustworthiness of the statement. United States v. Alvarez, 584 F.2d 694, 701 (5th Cir.1978); accord United States v. Sarmiento-Perez, 633 F.2d 1092 (5th Cir.1981). Military Rule of Evidence 804(b)(3) was intended to adopt the federal rule. Manual for Courts-Martial, United States, 1969 (Revised edition), Analysis of the Military Rules of Evidence at A18-111. Accordingly, we hold that the confrontation clause engrafts onto Federal Rule of Evidence 804(b)(3) and its military counterpart, Military Rule of Evidence 804(b)(3), a constitutional requirement for proving by independent evidence that statements against penal interest which inculpate an accused are trustworthy.
In this case Fretz’ statement exhibited some intrinsic indicia of trustworthiness: it was in writing, sworn and apparently voluntary. However, there is no independent evidence showing the trustworthiness of Fretz’ accusation that the appellant was his accomplice. The absence of such evidence is fatal to the statement’s admissibility. See United States v. Alvarez, 584 F.2d at 702.
The government argues that the appellant waived the sixth amendment issue by not raising it at trial. The Military Rules of Evidence require that counsel objecting to evidence do so with specificity, if they desire to preserve the issue for appeal. See Mil.R.Evid. 103(a)(1). Generally, appellate courts will not consider evidentiary objections which were not made at trial. See generally United States v. Hutcher, 622 F.2d 1083 (2nd Cir.), cert, denied, 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980); United States v. Thompson, 621 F.2d 1147 (1st Cir.1980); United States v. Sims, 617 F.2d 1371 (9th Cir.1980); United States v. Rubin, 609 F.2d 51 (2nd Cir.1979), aff’d, 449 U.S. 424, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981); United States v. O’Brien, 601 F.2d 1067 (9th Cir.1979); United States v. Maultasch, 596 F.2d 19 (2nd Cir.1979); United States v. Mangan, 575 F.2d 32 (2nd Cir.), cert, denied, 439 U.S. 931, 99 S.Ct. 320, 58 L.Ed.2d 324 (1978); United States v. Fendley, 522 F.2d 181 (5th Cir.1975).
However, we will not apply waiver in cases of plain error. Mil.R.Evid. 103(d). We hold that this case involves plain error. Fretz’ testimony was critical to the prosecution and devastating to the defense. To apply waiver simply because the trial defense counsel objected on the wrong ground would be manifestly unfair in this case.
It is clear from the record that this is not a case where the defense conceded the admissibility of the evidence, nor is it a case where the defense has gained an unfair advantage over the prosecution by raising an error for the first time on appeal which the prosecution could have corrected if the issue had been raised at trial. Rather, this is a case where, because of the short time the Military Rules of Evidence have been in effect, counsel and the military judge failed to recognize a critical issue. Had the proper objection been made, Fretz’ statement might well have been excluded and the appellant acquitted. On the other hand, the prosecution might well have introduced corroborating evidence or granted Fretz immunity.
*769 We are satisfied that the integrity of the judicial process will be best served by not applying waiver in this case. We do not intend to imply that all violations of the sixth amendment right of confrontation are plain error; we decide only that waiver should not be applied in this case.
We next turn to the question whether we may authorize a rehearing. Since our holding in this case is not based on a failure of proof but rather on an inadmissible mode of proof, we hold that a rehearing is permissible. “The successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge.” United States v. Scott, 437 U.S. 82, 90-91, 98 S.Ct. 2187, 2193-2194, 57 L.Ed.2d 65 (1978) (citations omitted); see United States v. Sarmiento-Perez, 667 F.2d at 1240; Article 66(d), Uniform Code of Military Justice, 10 U.S.C. § 866(d) (1976); see also United States v. Mandel, 591 F.2d 1347, 1373-74 (4th Cir.1979), cert, denied, 445 U.S. 961,100 S.Ct. 1647, 64 L.Ed.2d 236 (1980).
Our dissenting brother relies on United States v. Smith, 13 U.S.C.M.A. 105, 32 C.M.R. 105 (1962), a case which we consider inapposite. In Smith the Board of Review reversed a conviction because it had been based solely on the appellant’s uncorroborated confession. The Court of Military Appeals held that the Board of Review had correctly determined that a rehearing could not be ordered because “an uncorroborated confession is legally insufficient to support a conviction.” United States v. Smith, 13 U.S.C.M.A. at 120, 32 C.M.R. at 120. We are not confronted with a case in which the evidence is insufficient as a matter of law. In the case before us the testimony of Fretz would be legally sufficient to support the conviction if presented in an admissible form. The defect in this case is one solely based on the mode of proof, not the insufficiency of the evidence as in Smith. See United States v. Bizzard, 674 F.2d 1382, 1386 (11th Cir.1982). Accordingly, we conclude that a rehearing may be authorized.
The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.
Judge WERNER concurs.