983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Willie Odell HINTON, Defendant-Appellant.
 No. 92-5123.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 27, 1992
Decided: December 23, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., District Judge. (CR-91-211-O)
 Susan Z. Hitt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, Gregory P. Harris, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Willie Odell Hinton appeals from his convictions of one count of possession with intent to distribute cocaine in violation of 21 U.S.C.A. §§ 841(a)(1) and (b)(1)(C) (West Supp. 1992), and one count of carrying a firearm in connection with a drug offense in violation of 18 U.S.C.A. § 924(c) (West Supp. 1992). We affirm.
 
 
 2
 * Hinton, his brother, Robert, and his nephew, James Bernard White, were stopped by the police at a sobriety checkpoint. The officers observed an open container of beer and a bag of syringes in the car and asked Hinton to pull over. When retrieving the syringes, one of the officers saw a gun in the pocket of the driver's side door, and proceeded to arrest Hinton for violating the South Carolina gun law. In a search incident to arrest, they found four baggies of cocaine in Hinton's pocket. They then asked him if they could search the car and he consented. In that search they found a set of scales; empty baggies; twist ties; Mannitol, a substance often mixed with cocaine prior to distribution; and baggies containing cocaine, similar to the ones in Hinton's pocket. The other two occupants of the car were released at the station after Hinton claimed that all the evidence in the car was his. After a jury trial, Hinton was convicted on both counts.
 
 II
 
 3
 Hinton's first allegation is that the district court erred in not suppressing the evidence found in the search of the truck. On appeal, the district court's findings of fact are reviewed under the clearly erroneous standard, United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990), and legal determinations are reviewed de novo. United States v. Ramapuram, 632 F.2d 1149 (4th Cir. 1980), cert. denied, 450 U.S. 1030 (1981). Hinton concedes that the factual findings of the district court are entitled to deference, but contends that, despite those findings, the search in this case was unreasonable. We disagree.
 
 
 4
 Initially, we find that the district court's factual findings in favor of the officers, and against Hinton, are not clearly erroneous. These findings are fatal to Hinton's legal argument: the finding that the officers saw open containers of beer during the sobriety check supported the stop, see Michigan Dep't of State Police v. Sitz, 58 U.S.L.W. 4781 (U.S. 1990); the finding that the officers saw syringes and the gun in plain view supported Hinton's arrest, see Beck v. Ohio, 379 U.S. 89 (1964); and the court's finding that Hinton consented to the search supports the search of the car. See Schneckloth v. Bustamonte, 412 U.S. 218 (1973). Moreover, we note that when the officers properly arrested Hinton for the gun offense, the subsequent search of his car was permissible as incident to that arrest. See New York v. Belton, 453 U.S. 454 (1981).
 
 III
 
 5
 Hinton also contends that the district court erred in rejecting his Alford* plea. Prior to trial, the government agreed to drop the drug charge if Hinton pleaded guilty to the gun charge. The district court rejected the plea, reasoning that the facts of the case were such that he could not accept a plea if Hinton refused to admit his guilt.
 
 
 6
 In North Carolina v. Alford, 400 U.S. 25 (1970), the Court held that the Constitution does not prohibit the acceptance of a guilty plea despite protestations of innocence by the defendant. However, Alford does not forbid the rejection of such pleas. 400 U.S. at 38, n.11 ("the States may [constitutionally] bar their courts from accepting guilty pleas from any defendants who assert their innocence"); United States v. Cox, 923 F.2d 519, 524-25 (7th Cir. 1991). This view is consistent with the sensible recognition that a restrictive view of the district court's discretion to reject Alford pleas would mean that "the defendant after trial and a conviction and a sentence not to his liking could return and freely litigate the correctness of the court's finding that the requirements of [Fed. R. Crim. P.] 11 had not been fully met." Cox, 923 F.2d at 525, quoting United States v. Bednarski, 445 F.2d 364, 366 (1st Cir. 1971); but see United States v. Gaskins, 485 F.2d 1046, 1048 (D.C. Cir. 1973). We do not welcome such a situation and join the near unanimous view that the district court has wide discretion to reject Alford pleas. See also United States v. Gomez-Gomez, 822 F.2d 1008 (11th Cir. 1987); United States v. O'Brien, 601 F.2d 1067 (9th Cir. 1979).
 
 
 7
 In this case, Hinton claims only that the district court abused its discretion because he was prevented from receiving the benefit of the bargain offered by the government. We agree that Hinton was denied the benefit of the bargain, but we think Hinton, not the court, was responsible for that outcome. The court's view that, on the facts presented, Hinton was either guilty or not guilty is supported and its rejection of the Alford plea was not an abuse of discretion.
 
 IV
 
 8
 Hinton also claims that he should have been allowed to admit evidence from a police officer that one of the passengers in the car, his brother Robert, had been convicted of distribution of cocaine and had a pending charge of distribution of cocaine. Hinton wanted to admit this "bad act" evidence to suggest that Robert owned the drugs, gun, and drug paraphernalia found in the car. We agree that Fed. R. Evid. 404(b) permits the introduction of prior bad act evidence, see United States v. McCourt, 925 F.2d 1229, 1231-35 (9th Cir. 1991), but find that Hinton failed to make a showing that the proposed evidence was admissible under the proper purposes listed in the rule. Accordingly, the district court did not abuse its discretion in refusing this evidence.
 
 V
 
 9
 Finally, Hinton alleges that the district court abused its discretion in allowing Detective Brown to testify as an expert witness on the question of packaging and distributing cocaine. This Court has found that evidence relating to drug distribution is often out of the sphere of knowledge of most jurors, and thus, expert testimony about the packaging, dosages, and other aspects of the drug trade does not invade the province of the jury's factfinding role. United States v. Safari, 849 F.2d 891 (4th Cir.), cert. denied, 488 U.S. 945 (1988). See also United States v. Foster, 939 F.2d 445, 451-52 (7th Cir. 1991) (jurors not well-versed in specifics of drug dealing). Thus, the district court did not err in allowing Brown to testify as an expert.
 
 
 10
 As for Hinton's claim of prejudice because of Brown's dual role of expert and fact witness, the district court took precautions to make sure that the jury did not place undue weight on Brown's factual testimony. He gave the jury a cautionary instruction on expert testimony, he did not qualify Brown as an expert until after his factual testimony was over, and he allowed Hinton's lawyer to conduct a thorough cross-examination of Brown. United States v. Foster, 939 F.2d at 453. Additionally, Brown was only asked one question as an expert. Thus, the district court did not abuse its discretion in qualifying Brown as an expert and allowing him to testify as both a fact and expert witness.
 
 VI
 
 11
 In conclusion, we affirm the district court's denial of Hinton's motion to suppress and the rejection of Hinton's Alford plea, and find no abuse of discretion in the challenged evidentiary decisions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 North Carolina v. Alford, 400 U.S. 25 (1970) (defendant can accept prison term for crime by acknowledging that government has facts to convict him without acknowledging guilt for crime)