**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50003 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00752-JFW-1 |
| v. | |
| MARK ANTHONY NEAL, AKA Dwight Anthony Alvarez, AKA Anthony Kent Jay, AKA Anthony Joy, AKA Anthony Kent Joy, AKA Anthony Mark Neal, AKA Michael Anthony Pollard, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted August 2, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and KENNELLY, District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Matthew F. Kennelly, District Judge for the U.S.
District Court for Northern Illinois, sitting by designation.

Mark Anthony Neal appeals his conviction and sentence for unlawful reentry after deportation in violation of 8 U.S.C. § 1326, arguing that the district court abused its discretion by rejecting his guilty plea, thereby subjecting him to a higher sentence. Because the district court's basis for rejecting Neal's plea is not entirely clear from the record and may well have been erroneous, we vacate the rejection of his plea and remand with directions to hold a new plea hearing.

1. It is probable that the district court rejected Neal's guilty plea because it believed that Neal's refusal to affirmatively admit alienage necessarily fatally undermined the plea's factual basis. Such a ground for rejecting the plea would constitute error. A court "may conclude that a factual basis exists from anything that appears on the record." *United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009). Where a defendant is unable or unwilling to admit an element of the crime, "the court *must* look to other evidence in the record to determine whether the plea has a factual basis." *Id.* (emphasis added).

2. It is also possible that the district court found that the plea lacked factual basis on the record before it. Such a conclusion would have been an abuse of discretion. As Neal specifically noted during the plea colloquy, the government had a copy of Neal's Belizean birth certificate, which would have established

2

alienage. Indeed, it was that birth certificate that was used at the ensuing trial to establish alienage.

3. Finally, it is possible that the district court believed it had discretion to reject an *Alford* plea—a plea by a defendant who maintains his innocence—despite there being an adequate factual basis for a guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 36 (1970).

First, it may well be that Neal's plea was not an *Alford* plea. He was not maintaining his innocence but, instead, saying that he could not attest to his guilt, for lack of knowledge.

Second, a conflict exists in our case law regarding whether district courts in fact have such discretion regarding *Alford* pleas. *Compare United States v. O'Brien*, 601 F.2d 1067, 1069 (9th Cir. 1979), *with In re Vasquez-Ramirez*, 443 F.3d 692, 695 (9th Cir. 2006). We need not resolve this conflict in the present case, because it is not clear that the district court in fact believed that Neal's was an *Alford* plea, or that it was exercising its discretion to refuse such a plea. *See Mancinas-Flores*, 588 F.3d at 682. Moreover, even if the district court rejected the plea on discretionary grounds because it viewed it as an *Alford* plea, no valid reasons for a discretionary rejection appear on the present record. Without such an

explanation, we cannot review for abuse of discretion. *Cf. United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008).

Accordingly, we **VACATE** the district court's rejection of Neal's plea and **REMAND** for a new plea hearing, with instructions that the district court allow Neal to offer his plea under the terms of the original plea agreement. *See Mancinas-Flores*, 588 F.3d at 688. The district court must either accept the plea pursuant to Rule 11(b)(3) or clearly state proper reasons for rejecting it.