**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PARAMOUNT FARMS INTERNATIONAL LLC, | No. 11-15518 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01027-LJO-SKO |
| v. | MEMORANDUM* |
| VENTILEX B.V., | |
| Defendant - Appellee. | |

| | |
|---|---|
| PARAMOUNT FARMS INTERNATIONAL LLC, | No. 11-15670 |
| Plaintiff - Appellee, | D.C. No. 1:08-cv-01027-LJO-SKO |
| v. | |
| VENTILEX B.V., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 6, 2012
San Francisco, California

Before: FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

Paramount Farms International LLC appeals the district court's decision dismissing its ostensible authority and implied warranty claims as legally insufficient, and excluding certain testimony elicited from a compound question and hearsay evidence. "We review the district court's conclusions of law following a bench trial *de novo* and its findings of fact for clear error." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1067 (9th Cir. 2008) (en banc); *see also Price v. U.S. Navy*, 39 F.3d 1011, 1021 (9th Cir. 1994) ("In reviewing a judgment following a bench trial, this court reviews the district court's findings of fact for clear error and its legal conclusions de novo. The same standard applies to the district court's involuntary dismissal of a claim under Rule 52(c)." (internal citations omitted)). We review the district court's evidentiary rulings for "abuse of discretion, and the appellant is additionally required to establish that the error was prejudicial." *Tritchler v. Cnty. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). "When the trial court excludes evidence, failure to make a timely invocation of the grounds for the admission of the evidence renders the issue reviewable only for

plain error." *Hudspeth v. Comm'r*, 914 F.2d 1207, 1215 (9th Cir. 1990). The facts are known to the parties. We affirm.

First, Paramount Farms argues that the district court erred by concluding that ostensible authority could not be established, based on its proffer of evidence. We disagree. In its proffer, Paramount Farms provided meager circumstantial evidence that one of Ventilex B.V.'s officers had knowledge of email traffic between Ventilex USA and Paramount Farms. No direct evidence showed that Ventilex B.V.'s officer had actual knowledge of the guarantee contained in the email. Moreover, the proffer was devoid of evidence regarding Ventilex B.V.'s prior practice of providing guarantees that would have signaled to Paramount Farms that Ventilex USA could bind Ventilex B.V. to such a guarantee. Thus, the evidence supporting Paramount Farm's ostensible agency claim was insufficient. *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480–81 (9th Cir. 2000); *Am. Cas. Co. v. Krieger*, 181 F.3d 1113, 1121–23 (9th Cir. 1999).

Second, Paramount Farms argues that the district court abused its discretion by excluding testimony elicited from a compound question, because the question was neither compound nor ambiguous and confusing, and only a general objection as to form was lodged during the deposition. We disagree. The question was compound and the district court did not abuse its discretion by finding that the

3

question was ambiguous and confusing, especially since the witness was unavailable to testify. Likewise, the district court did not abuse its discretion by excluding the testimony because the specific ground for objection was apparent from the context, even though at the deposition only a general objection as to form was lodged. *See United States v. O'Brien*, 601 F.2d 1067, 1071 (9th Cir. 1979) (citing Fed. R. Evid. 103(a)(1)(B)).

Third, Paramount Farms argues that the district court erred by excluding certain evidence as hearsay, because the statements were not hearsay, but rather constituted a verbal act, and regardless were subject to the hearsay exception for party admissions or statements relevant to a party's state of mind. We disagree. At trial, Paramount Farm's counsel admitted that the evidence was hearsay. Furthermore, even if it was not hearsay, the trial judge—presiding over the bench trial—found that the evidence was only valuable if admitted for the truth-of-the-matter; thus, the decision was not prejudicial. *See Harper v. City of L.A.*, 533 F.3d 1010, 1030 (9th Cir. 2008). Likewise, it was not plain-error for the court to fail to provide Paramount Farms with potential exceptions for its hearsay evidence. *See In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010) ("We cannot declare that the district court reached an illogical or implausible result by excluding apparent hearsay or documents without sufficient foundational support as the rules

of evidence prescribe, or that the district court otherwise exceeded the permissible bounds of its discretion by failing to comb through the voluminous record searching for evidentiary bases to introduce the evidence at issue. That was Plaintiffs' obligation.").

Fourth, Paramount Farms argues that the district court erred by dismissing its implied warranty claim as legally insufficient, because the district court failed to consider the direct dealings that Paramount Farms had with Ventilex B.V. We disagree. Vertical privity, or in other words, privity of contract, is required to sustain an implied warranty claim in California. *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 87 Cal. Rptr. 3d 5, 23 (Cal. Ct. App. 2008); *U.S. Roofing, Inc. v. Credit Alliance Corp.*, 279 Cal. Rptr. 533, 538 (Cal. Ct. App. 1991); *Burr v. Sherwin Williams Co.*, 268 P.2d 1041, 1048 (Cal. 1954). In some circumstances, "direct dealings" can satisfy the vertical privity requirement. *Cardinal Health*, 87 Cal. Rptr. 3d at 23–25. Ventilex B.V., however, never assumed the position of Ventilex USA, entered into a contract with Paramount Farms, nor engaged in significant "direct dealings" with Paramount Farms before it contracted with Ventilex USA to purchase a Ventilex system. The district court did not err; Paramount Farms' implied warranty claim was legally insufficient.

5

Finally, Ventilex B.V. cross appeals the district court's denial of its motion for attorneys' fees. Ventilex B.V. concedes, however, that its cross appeal was filed late. We do not exercise our discretion to hear Ventilex B.V.'s untimely cross appeal. *See Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1298–1300 (9th Cir. 1999).

Therefore, in appeal No. 11-15518 we AFFIRM the district court's decision and we DISMISS as untimely cross-appeal No. 11-15670.