**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alphonse F. COZZI, Defendant-Appellant. No. 14949.**

United States Court of Appeals Seventh Circuit.

Dec. 15, 1965.

Certiorari Denied Feb. 21, 1966.

See 86 S.Ct. 896.

Warren D. Wolfson, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Lawrence Jay Weiner, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel.

Before HASTINGS, Chief Judge, CASTLE, Circuit Judge, and MERCER, District Judge.

CASTLE, Circuit Judge.

The defendant-appellant, Alphonse F. Cozzi, was convicted of the unlawful possession of goods stolen while moving in interstate commerce, knowing that they had been stolen, and sentenced to seven years imprisonment. He prosecutes this appeal seeking reversal on the ground the District Court denied him his Sixth Amendment right to effective counsel of his own choice.

The record discloses that the defendant was indicted with Anthony Butera, Jr., and Charles DiLella on October 22, 1964. The indictment charged a violation of 18 U.S.C.A. § 659. The arraignment of the three defendants took place on October 28, 1964. Attorney John Cogan represented both Cozzi and Butera, but Cogan's partner appeared for both defendants for the purpose of arraignment. Pleas of not guilty were entered for both defendants. On November 13, 1964, Cogan appeared for both defendants and the cause was reset for trial to December 2, 1964. On December 2, 1964, defendant Butera withdrew his plea of not guilty and substituted a plea of guilty whereupon a judgment of conviction was entered as to him. The trial of the defendants Cozzi and DiLella[1] was set for December 14, 1964. On December 10, 1964, Butera was served with a subpoena directing him to appear on the scheduled trial date as a government witness. On December 11, 1964, Cogan was advised by the government prosecutor that the prosecution had no intention of calling Butera as a witness and that his presence

1. The defendant DiLella was represented by separate counsel.

was desired for identification purposes only.

When the cause was called for trial on Monday morning, December 14, Cogan represented to the court that, because of the subpoena served on Butera, he felt "that in representing Cozzi, I have an adverse interest here, a conflict of interest" and he requested the substitution of Attorney Morris Meyers as counsel for Cozzi "if the court will grant him time to get prepared in this matter". Meyers, who had been contacted by Cozzi and had consulted with him on December 12, was present in court and expressed his willingness to represent Cozzi if the matter was continued so that he could "acquaint [himself] with the facts". At this juncture the prosecutor unequivocally assured the court that Butera would not be called as a witness and he advised the court that Cogan had been so informed on the previous Friday. Meyers then suggested that the defendant "might want to say something" but the court pointed out that Cozzi had two lawyers and declined to question the defendant. The court refused to permit Cogan to withdraw as Cozzi's counsel, but expressed permission that Meyers might appear as additional counsel, and directed that the trial proceed at 2:00 P.M.

Cogan represented Cozzi during the trial which followed. Meyers did not appear. Butera did not testify but he was identified by a government agent as the Anthony Butera, Jr., referred to in the agent's testimony.

■ On the facts and circumstances disclosed by the record we perceive no violation of the defendant's Sixth Amendment right to effective representation by counsel of his own choice. Cozzi does not question the competency of Cogan, counsel of his own selection, nor the quality of Cogan's representation. There is no suggestion that Cogan's original undertaking to represent both Cozzi and Butera involved any conflict of interest— or possible prejudice to either defendant. The government's decision, subsequent to Butera's guilty plea, to require his pres-

ence at the trial for identification purposes did not precipitate such a conflict. Had Butera stood trial along with his co-defendants, Cozzi and DiLella, he would likewise have been present and subject to identification by the government witness. Thus, the subpoena calling for Butera's presence, qualified as it was by the government's assurance that Butera would not be called as a government witness, afforded no basis for the claimed conflict of interest. Nor did the court err in declining to interrogate the defendant concerning the request for substitution. Both Cogan and Meyers were present and speaking for him.

■ In our opinion the situation presented by the record is essentially no different from a last minute attempt by a defendant upon the call of his case for trial to substitute new counsel, merely as a matter of preference, for counsel previously personally selected, with the attendant delay in the trial to afford preparation time to new counsel. On the facts presented, the refusal of the requested substitution and the denial of a continuance were well within the court's discretion. An accused's Sixth Amendment right to select his own counsel does not permit of arbitrary action which obstructs orderly procedure in the courts. United States v. Bentvena, 2 Cir., 319 F. 2d 916, 936. It is a right to be exercised at an appropriate stage within the procedural framework of the system of criminal jurisprudence of which it is a part. Absent justifiable basis therefor there is no constitutional right to make a new choice of counsel, with attendant necessity for a continuance because thereof, at the time the trial is scheduled to commence. No such justifiable basis is presented by the instant record.

It would serve no useful purpose to discuss the numerous cases cited and relied upon by the defendant. None are factually apposite.

The District Court's judgment order of conviction and sentence is affirmed.

Affirmed.