**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James O. CARTER, Defendant-Appellant.**

**No. 71–1447.**

United States Court of Appeals,
Sixth Circuit.

Dec. 30, 1971.

William J. Dammarell, Cincinnati, Ohio, for appellant.

Moss Noble, Lexington, Ky. (Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before CELEBREZZE and BROOKS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Defendant-Appellant appeals his conviction for fraud against the Government in violation of 18 U.S.C. § 1001. His first trial resulted in a hung jury and his second trial in a guilty verdict. With his second trial set for Monday, March 8, 1971, defendant, on Saturday, March 6th, discharged his retained attorney who had represented him at his first trial, and then on the date his trial was scheduled moved for a continuance so that he might employ new counsel. The District Judge denied the motion and directed defendant's former attorney, who was in the courtroom, to proceed to trial.

The defendant does not contend that he was denied the effective assistance of counsel or in any way prejudiced by the denial of his motion for a continuance, other than being deprived of an opportunity to employ a different attorney.

The denial of a motion for a continuance is a matter within the discretion of the trial court and its exercise will not be disturbed on appeal absent a clear abuse of discretion from which prejudice results. United States v. Knight, 443 F.2d 174 (6th Cir. 1971); United States v. Moore, 419 F.2d 810 (6th Cir. 1969); United States v. Sisk, 411 F.2d 1192 (6th Cir. 1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 584, 24 L.Ed.2d 509. Moreover, an accused's Sixth Amendment right to select his own counsel does not permit him to arbitrarily dismiss his retained attorney on the eve of trial, and thus disturb and delay orderly procedures in the courts. United States v. Leach, 429 F.2d 956 (8th Cir. 1970); Bowman v. United States, 409 F.2d 225 (5th Cir. 1969); United States v. Cozzi, 354 F.2d 637 (7th Cir. 1965), cert. denied, 383 U.S. 911, 86 S.Ct. 896, 15 L. Ed.2d 666.

The judgment of conviction is affirmed.