**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Gerald HAMPTON, Defendant-Appellant.**

**No. 18422.**

United States Court of Appeals,
Seventh Circuit.

March 3, 1972.

Michael Van de Kerckhove, Chicago, Ill., for defendant-appellant.

William C. Lee, U. S. Atty., Charles W. Larmore, Asst. U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, and KERNER * and STEVENS, Circuit Judges.

DUFFY, Senior Circuit Judge.

Defendant was convicted on four counts of passing altered United States Post Office money orders, knowing that material alterations had been made, in violation of 18 U.S.C. § 500.

A warrant was issued for defendant's arrest on October 16, 1969, and on November 12, 1969 he surrendered to federal custody. At his request and because of his lack of funds, the Court appointed counsel for defendant on November 28, 1969. At his arraignment on December 12, 1969, defendant pleaded not guilty and informed the Court he was satisfied with his Court-appointed counsel.[1]

---

* Judge Kerner heard oral argument but did not participate in the adoption of this opinion.

1. The transcript of defendant's arraignment on December 12, 1969 contains the following colloquy:

"Court: When you were here last, you asked the Court to appoint an attorney to represent you and the Court appointed Mr. Gaines to represent you in this matter. Have you had a chance to discuss this matter with Mr. Gaines?

Defendant: Yes, your Honor.

Court: Are you satisfied with this representation?

Defendant: Yes."

On this appeal, defendant has asserted that two days prior to his trial date, he learned that his mother had and would give him the funds for a "criminal attorney." He brought this information to the attention of the Court and the Government attorney on the morning of February 11, 1970, the day set for trial.[2]

At this time, the Court appointed counsel moved to withdraw from the case, but the Court denied this motion. The Court posed the alternative to defendant of proceeding with the trial with the Court-appointed counsel or producing a retained counsel of his choosing for trial at 1:30 p.m. on the same date—a period of about four hours. Defendant Hampton then went to trial at the scheduled time with his Court-appointed counsel.

Defendant argues that in spite of the fact that a counsel had been appointed by the Court to represent him, and that said counsel did perform competently throughout the entirety of his representation of defendant, nevertheless under the Sixth Amendment, he had a right to select his own counsel on the morning of the trial.

 It is well established law that an indigent does not have the absolute right to a counsel of his own choosing, Reiff v. United States, 299 F.2d 366 (9 Cir., 1962), cert. den. 372 U.S. 937, 83 S.Ct. 884, 9 L.Ed.2d 768. From the record of the proceedings in this case, the first instant defendant Hampton voiced any words of discontent over his appointed counsel was the morning of the trial.

As a former trial judge, the writer of this opinion realizes how an entire calendar of cases scheduled for trial can be disrupted by last minute attempts of defendants to secure a continuance. Unless the trial court has some discretion, his schedule of trials could be repeatedly disrupted by last minute motions for new counsel.

In United States v. Cozzi, 354 F.2d 637 (7 Cir., 1965) when a defense attorney also requested to withdraw from a case on the day of the trial which request, if granted, would have necessitated a continuance, we stated at page 639:

> "An accused's Sixth Amendment right to select his own counsel does not permit of arbitrary action which obstructs orderly procedure in the courts. United States v. Bentvena, 2 Cir., 319 F.2d 916, 936. It is a right to be exercised at an appropriate stage within the procedural framework of the system of criminal jurisprudence of which it is a part. Absent justifiable basis therefor there is no constitutional right to make a new choice of counsel, with attendant necessity for a continuance because thereof, at the time the trial is scheduled to commence. . . ."

In the case before this Court, it is evident from the record of the pre-trial proceedings and of the trial itself that defendant's Court-appointed counsel participated vigorously in his defense, made numerous objections at trial providing and preserving the record on appeal and demeaned himself as an extremely competent advocate on behalf of defendant Hampton.

 We are of the opinion that the trial court was justified in denying the motion to withdraw when defendant was not prepared to substitute new counsel,

---

2. The Court was given no explanation of the reason why defendant's mother was either better able, or more willing, to provide funds to pay retained counsel in February than she had been in November. Nor did defendant indicate that any specified attempt to employ substitute counsel had been made, that the available funds would, in fact, be adequate to obtain counsel satisfactory to defendant and his mother, or how long a continuance might be necessary to determine whether an attorney acceptable to defendant would take over the case for the fee which defendant's mother was then prepared to pay.

and further, that it was proper for the trial judge to contest the bona fides of defendant's last-minute request for a delay in the trial by requiring him to retain new counsel on the same day. We would have a different issue to decide if new counsel had, in fact, been retained and could have demonstrated a need for a short continuance to prepare for trial. On the record before us, however, we are of the opinion that the trial court was justified in ruling that the prompt administration of justice outweighed defendant's meager showing of necessity for substitution of a hypothetical new attorney. On appeal, defendant has again been represented by court-appointed counsel. He has failed to put forward any indicia of prejudice because of his appointed representation.[3] Therefore, we feel no justifiable basis exists for a substitution of his attorney on the day of his trial. Without any such justifiable basis, there is no constitutional right under the Sixth Amendment to a continuance to enable defendant to seek new counsel on the day of trial. United States v. Cozzi, *supra.*

The second point raised by defendant is that it was error for the Court to admit over defendant's objection, ten additional money orders which had been stolen from the same Florida Post Office as those listed in the indictment. During the trial, in addition to the four money orders charged to defendant, the Government offered the ten similar money orders bearing defendant's handwriting and cashed at approximately the same dates as the four in the indictment, as indicated by bank stamps on the money orders.

■ There is no indication in the transcript of the actual time the other ten money orders were passed. In any event, the law is settled that evidence of criminal acts of a defendant subsequent to the offenses charged in the indict-

ment is admissible to show modus operandi and guilty knowledge on the part of the defendant, as well as identity. Turner v. United States, 426 F.2d 480 (6 Cir., 1970).

■■ In this Circuit, it is well established that evidence of other related offenses is clearly admissible to prove knowledge and intent of a person accused of a crime. United States v. Marine, 413 F.2d 214 (7 Cir., 1969), cert. den. 396 U.S. 1001, 90 S.Ct. 550, 24 L. Ed.2d 493. Such evidence of other offenses which bears a strong resemblance to the pattern of the offense for which the defendant is charged is relevant to the issue of knowledge and intent as tending to show a constant pattern of conduct. Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L. Ed. 919 (1949).

Pertinent is our statement in United States v. Marine, *supra,* 413 F.2d at pages 216 and 217:

"This court has held in similar cases that evidence sought to be introduced of a similar offense is admissible if it bears 'a strong resemblance' to the pattern of the events charged, United States v. Iacullo, 226 F.2d 788, 793 (7 Cir. 1955), cert. denied, 350 U. S. 966, 76 S.Ct. 435, [100 L.Ed. 839] or is 'in remarkable conformity' with, United States v. Accardo, 298 F.2d 133, 137 (7 Cir. 1962), or 'occurred very shortly before * * * (or) *very shortly after*' the offenses charged, United States v. Cobb, 397 F.2d 416, 418 (7 Cir. 1968), cert. denied, 393 U.S. 924, 89 S.Ct. 255 [21 L.Ed.2d 260]. . . ." (emphasis supplied).

■ It is also established law that evidence of other crimes for which the defendant is not charged is admissible to establish essential elements of the charged crimes, to show a single scheme or common pattern of illegal conduct.

3. Indeed, we have no assurance that if we were to remand for a new trial that his mother would now advance funds to employ new counsel.

United States v. Turner, *supra*; Gifford v. United States, 261 F.2d 825 (5 Cir., 1958).

We feel defendant's argument that the subsequent uncharged crimes or offenses in the form of the ten uncharged money orders cannot be used to implicate his knowledge and intent as well as to show a common pattern of conduct is without merit upon considering the aforementioned case law on the issue.

The third issue defendant raises on appeal to our Court is whether it was prejudicial error for the trial court to admit evidence indicating that he had avoided arrest.

The United States Supreme Court in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896) upheld the established rule that the flight of the accused is competent evidence against him in establishing his guilt. This Court, in Rowan v. United States, 277 F. 777, 779 (7 Cir., 1921), stated "Flight's probative value is to indicate a consciousness of guilt . . . ." holding evidence of flight was admissible in a mail fraud prosecution. In United States ex rel. Miller v. Pate, 342 F.2d 646 (7 Cir., 1965), Judge Schnackenberg of our Court said, in passing: "Flight has always been recognized as a fact to be considered and from which the jury may draw an inference of guilt." We hold that the evidence pertaining to the accused's avoidance of arrest was properly admitted by the trial court.[4]

In our judgment, no reversible error exists in this case.

The judgment of the District Court is

Affirmed.

---

4. In II Wigmore, Evidence, 3 Ed. 1940 Sec. 276(4), p. 111, the author states " . . . It is to-day universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself. . . . "