Larry Charles McCRANEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 3–1078A273.

Court of Appeals of Indiana,
Third District.

April 11, 1979.

Diane Dickinson Brown, Highland, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Larry Charles McCraney appeals his conviction of theft for which he was sentenced for a determinate period of four years.

Defendant alleges that the trial court erred in refusing his motion for a continuance requested the morning of trial. Denial of a motion for a continuance based upon nonstatutory grounds will not be reversed unless a clear abuse of discretion has been demonstrated. *Massey v. State* (1978), Ind., 371 N.E.2d 703.

The record discloses that the trial court appointed pauper counsel for defendant on March 9, 1978. On March 28, Chris Gielow entered his appearance as pauper counsel. On May 10, 1978, the trial was set for June 12, 1978. Three days before the trial date a private attorney contacted the trial judge to request a continuance so that he could represent the defendant. The judge denied his request but advised him that he could enter an appearance. On the day of trial, defendant moved for a continuance in order to enable him to employ private counsel. Defendant asserted that funds to hire an attorney became available only three days before trial. However, no private counsel appeared for the defendant and the trial court denied his motion.

It has been recognized that a defendant charged with a felony must be allowed representation of counsel. *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct.

792, 9 L.Ed.2d 799. While an accused should have an opportunity to secure counsel of his own choosing when he is financially able to do so, *see: Page v. State* (1956), 235 Ind. 628, 137 N.E.2d 405, it is nonetheless imperative that he exercise this right of selection at an appropriate stage of the proceedings. *Atkins v. State* (1977), Ind. App., 370 N.E.2d 985. The Supreme Court of Indiana expressed its disapproval toward motions to substitute counsel tendered on the trial date in *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811.

> "We note also that the trial court may refuse to allow either the rich or the poor man to replace his counsel during or immediately before trial, because such a substitution would require the court to grant a continuance." 335 N.E.2d at 816.

In *Smith v. State* (1975), Ind.App., 330 N.E.2d 384, the trial court's refusal to allow defendant a continuance on the day of trial to substitute counsel was held not to be an abuse of discretion. The court observed:

> "The appellant in making his request for continuance did not express dissatisfaction with the counsel who had represented him for many months prior to trial. The additional counsel purportedly retained by appellant entered no appearance in the cause and there is no indication in the record that the trial court was otherwise contacted by him prior to trial. An examination of the entire record discloses that appellant was ably represented by his counsel during trial. Under these circumstances, the expeditious administration of justice outweighed appellant's desire for the last minute addition of another attorney."

*See also: U. S. v. Hampton* (7th Cir., 1972), 457 F.2d 299, in which denial of defendant's motion to continue made on the day of trial was upheld where the accused asserted that funds to retain private counsel became available two days before trial.

In the case at bar, defendant did not voice any objection to his appointed counsel's handling of the case. Indeed, pauper counsel stated in his motion that he had a good working relationship with the defendant but that the defendant preferred private counsel since he had acquired the resources to employ one. Additionally, no private counsel entered an appearance for the defendant prior to the trial. Moreover, the court was not given any explanation why funds were more readily available in June than they would have been in March when the court appointed counsel.

Under these circumstances, the trial court did not abuse its discretion in denying the continuance.

Judgment affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.