**Courtney BARHAM, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 49A04–9308–CR–306.**

Court of Appeals of Indiana, Fourth District.

Oct. 18, 1994.

---

Andrew W. Swain, Frost & Hugon, Indianapolis, for appellant.

Pamela Carter, Atty. Gen. of Indiana Louis E. Ransdell, Deputy Atty. Gen. Indianapolis, for appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Courtney Barham appeals his conviction of voluntary manslaughter. We reverse and remand for a new trial.

### ISSUE[1]

Did the trial court violate Barham's Sixth Amendment right to be represented by the counsel of his choice when it denied his private counsel's appearance?

### FACTS

On January 29, 1993, Courtney Barham was at the home of his former girlfriend, Carol Kennedy. Barham and Kennedy had lived together at various times, and Barham was moving his possessions out of Kennedy's apartment. Barham and Kennedy had been arguing throughout the evening. Barham went upstairs to get his shotgun and rifle out of Kennedy's bedroom closet, and Kennedy followed him. One of Kennedy's teenage daughters heard a shot, and Barham came down the stairs carrying the guns. He had blood on the front of his clothes. Barham walked out the front door, and Kennedy's two daughters went upstairs and found their mother had been shot in the face and was dead. Barham spent the night in a nearby field. The next morning, he turned himself in to the police. According to Barham, he had the shot gun in his hand, he and Kennedy were struggling, he tripped over a chair, and the shotgun discharged accidentally, kill-

---

1. Barham raises five issues on appeal. Because we reverse, we will discuss only that issue necessary to our decision.

ing Kennedy. Barham was charged with murder.

Barham's initial hearing was February 2, 1993, and a jury trial was scheduled for April 12, 1993. On February 12, the court appointed public defender Ricardo Mendez to represent Barham. On April 6, Judge *Pro Tem* Allen Smith conducted a pre-trial conference. Deputy Prosecutor Amy Barnes requested a continuance. The court granted it, and rescheduled the trial for May 3.

On April 26, 1993, Barham filed a *pro se* motion requesting a new attorney because he was not satisfied with his public defender's performance.[2] The following day, Judge *Pro Tem* Allen Smith conducted another pre-trial conference. Barham told the court that he had "paid legal counsel (Lorine Regulus) that should have been obtained yesterday, if not it will be completed today." (Record, at 154). The judge stated as follows:

"[I]f Ms. Regulus enters her appearance on your behalf, Mr. Barham, she needs to be ready to try this matter on Monday. Because the mere fact that she enters her appearance on your behalf doesn't mean that this case is going to be continued. So I'm telling you that now so you can communicate that with her so you understands [sic] if she's going to enter her appearance in your case then she's going to have to be prepared to try it on Monday. . . . So we'll take up the matter of Ms. Regulus when in fact, if she does, enter her appearance on your behalf, Mr. Barham, which, you know, she's free to do. . . . I'll deny your motion for appointment of new counsel at this time, Mr. Barham. . . . [I]f Ms. Regulus enters her appearance and she wants to file any motion for continuance or anything we can take care of it at that time, Mr. Barham." (Record, at 156–58).

On April 28, Regulus entered her appearance and filed a motion requesting a continuance to allow her to prepare for trial. Without a hearing, Presiding Judge Paula Lopossa denied Regulus' appearance, and her request for a continuance. Judge Lopossa wrote the following on Regulus' appearance:

"The Court does not grant Ms. Regulus' appearance to be entered. Trial is scheduled May 3, 1993 and defendant has been in jail since his arrest." (Record, at 44).

On the day of trial, during voir dire, Barham filed a *pro se* motion requesting a continuance to allow his private counsel to re-enter her appearance and prepare for trial.[3]

2. Barham's Motion for Appointment of New Counsel for Failure to Effectively Represent Client states in pertinent part:

The defendant, Courtney T. Barham, pro se respectfully submits his Motion for Appointment of New Counsel and in support thereof alleges as follows:
1. Defendant Barham has been incarcerated since January 30, 1993, for the alleged violation of Ind.Code sec. 35–42–1–1(1).
2. On February 12, 1993, a public defender was appointed to represent Mr. Barham's legal rights.
3. Since appointed, the public defender has met with defendant four times, with the first meeting in Court, at the pretrial.
4. Defendant's counsel has not prepared this case for trial, but has insisted that defendant take a plea bargain, which gives him 20 years confinement.
5. R.P.C. 1.2 provides that a lawyer shall abide by a client's decision concerning the objectives of representation. Defendant Barham has consistently tried to communicate his desire to take this matter to trial or accept a plea within the 2–8 year confinement range.
6. Defendant Barham maintains his innocence to the violation charged and has several witnesses, who, to date, have not been interviewed by defendant's attorney.

7. R.P.C. 1.1 provides that a lawyer shall provide competent representation to a client, which includes thoroughness and preparation. This applies to lawyers appointed as well as private attorneys.
8. Defendant's attorney has failed to diligently prepare for trial and has all but insisted that defendant Barham sign the plea agreement. Defendant Barham refused to sign the agreement and the appointed counsel stormed out without discussions regarding witnesses and defenses for the charged violation, or any defense preparation whatsoever.
9. Because of defendant's attorney [sic] reluctance to keep defendant fully informed, and reluctance to fully and diligently represent his rights, defendant Barham requests that new counsel be appointed.

3. Barham's Pro Se Motion for Continuance states in pertinent part:

1. On or about April 27, 1993, my family retained the services of a private attorney.
2. Said attorney filed an Appearance and Emergency Motion For Continuance on April 28, 1993.
3. On the same day this Court denied the entry of Appearance and the Emergency Motion For Continuance.

The court denied Barham's motion. A jury convicted him of voluntary manslaughter. Barham now argues that the trial court violated his Sixth Amendment right to be represented by counsel of choice when it denied his private counsel's appearance and his request for a continuance.[4]

## DECISION

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall ... have the assistance of counsel for his defense." U.S. Const., Amendment VI. The right to counsel of choice has been described as an "essential component" of the Sixth Amendment right to counsel, *U.S. v. Nichols* (1988), 10th Cir., 841 F.2d 1485, 1501, and "a defendant should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama* (1932), 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158. The right privately to retain counsel of choice derives from a defendant's right to determine the type of defense he wishes to present. *U.S. v. Mendoza–Salgado* (1992), 10th Cir., 964 F.2d 993, 1014; *U.S. v. Collins* (1990), 10th Cir., 920 F.2d 619, 625, *cert. denied,* (1991), 500 U.S. 920, 111 S.Ct. 2022, 114 L.Ed.2d 108. Lawyers are not fungible, and often the most important decision a defendant makes in shaping his defense is the selection of an attorney. *Nichols,* at 1502. In situations where a defendant is able to retain counsel privately "the choice of counsel rests in his hands, not in the hands of the state." *Collins,* at 625. In criminal cases, the right to retain counsel of choice becomes a question of fundamental fairness, the denial of which may rise to a level of constitutional

violation. *Id.* A conviction attained when a court "unreasonably or arbitrarily interferes with an accused['s] right to retain counsel of choice ... cannot stand, irrespective of whether the defendant has been prejudiced." *Id; U.S. v. Novak* (1990), 2d Cir., 903 F.2d 883, 886; *Fuller v. Diesslin* (1989), 3d Cir., 868 F.2d 604, 606, *reh'g denied, cert. denied,* (1989), 493 U.S. 873, 110 S.Ct. 203, 107 L.Ed.2d 156.

Barham contends that the trial court violated his Sixth Amendment right to be represented by counsel of his choice by denying both his private counsel's appearance and his request for a continuance. We note that the State has failed to respond to Barham's argument that his Sixth Amendment right was violated when the trial court denied his private counsel's appearance. Rather, the State has responded only to Barham's argument that the trial court erred in failing to grant his request for a continuance. The State's brief states as follows:

> "The Defendant apparently recognizes that he does not have a right to delay his trial by acquiring new counsel shortly before trial, rather, he asserts as error the trial court's refusal to allow that counsel to enter her appearance. The Defendant's argument is simply disingenuous. There is not the first hint in the Record of the Proceedings that the proposed private counsel could be ready for trial six days after entering her appearance. The Defendant cannot simply ignore the above reference case law by attempting to cast this as a case in which he was denied his right to counsel." (State's brief, p. 7).[5]

4. This Motion For Continuance is based on my Sixth Amendment right to a fair trial, which was violated when this Court denied my request for change of attorney on Monday, April, April 26, 1993 and when this Court denied me private counsel.
5. The above-captioned cause is set for jury trial Monday, May 3, 1993, and I request said trial date to be continued since there is no speedy trial request.
6. In addition, said private attorney's offer of co-counsel at said trial was refused by the Public Defender appointed in the above-captioned cause. (Record, at 49–50).

4. Barham also argues that the trial court violated his rights under Article 1, Sections 12 and 13 of

the Indiana Constitution. Because we find that Barham's Federal Constitutional Rights were violated, we do not reach the issue of his rights under the Indiana Constitution.

5. We agree with Barham that "[n]either federal nor Indiana case law require that an attorney demonstrate to the court that she can be ready to try the case on the date set by the court before the court will allow counsel to enter her appearance. Once private counsel enters her appearance, however, she must demonstrate to the court why she needs a continuance to prepare for trial. The appellee confuses these two different factual showings." (Barham's reply brief, p. 4–5).

We note that the case law to which the State directs us is distinguishable from the instant case. In *Dickson v. State* (1988), Ind., 520 N.E.2d 101, 105, our supreme court affirmed the trial court's denial of a continuance when the defendant moved to replace his public defender with private counsel who would only accept the case on the condition that a continuance would be granted to allow him to prepare for trial. Dickson did not allege that his constitutional right to be represented by counsel of his choice had been violated. Rather, he argued that the trial court abused its discretion in denying his motion for a continuance. In addition, private counsel had not entered an appearance. Here, Barham argues that his constitutional right to be represented by counsel of his choice has been violated. His private counsel entered an appearance, and she did not condition her representation of Barham on the grant of a continuance. In addition, she offered to assist the public defender, indicating that she could have been ready for trial on May 3.

In *Parr v. State* (1987), Ind., 504 N.E.2d 1014, the defendant moved for a continuance to allow him to obtain private counsel. At the hearing on his motion for a continuance, he stated that he was unsure whether he had sufficient funds to obtain private counsel. The trial court denied his motion, and our Supreme Court affirmed. *Id.* at 1017. Here, Barham had already obtained counsel, and counsel had filed an appearance.

In addition, we note that the present case differs from others in which the issue of right to representation by counsel of choice is bound inextricably with a continuance motion. Barham did not move for a continuance on the day of trial. *Vacendak v. State* (1982), Ind., 431 N.E.2d 100; *Harris v. State* (1981), Ind.App., 416 N.E.2d 902; *McCraney v. State* (1979), 180 Ind.App. 190, 388 N.E.2d 283; *U.S. v. Hampton* (1972), 7th Cir., 457 F.2d 299, *cert. denied*, (1972), 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101. Private coun-

sel had entered an appearance for the defendant prior to trial. *McCollum v. State* (1991), Ind., 582 N.E.2d 804, *reh'g denied; McCraney, supra*. The defendant expressed dissatisfaction with his public defender's work. *McCollum, supra; McCraney, supra* (public defender stated that he had a good working relationship with the defendant); *Hampton, supra*.

In *Hampton, supra*, the Seventh Circuit affirmed the trial court's denial of appointed counsel's motion to withdraw on the morning of the day set for trial. Appointed counsel moved to withdraw because Hampton decided that he wanted private counsel. The trial court offered Hampton the choice of proceeding to trial with appointed counsel or producing a retained counsel of his choosing for trial at 1:30 p.m. on that day—a period of four (4) hours. Hampton proceeded to trial with his appointed counsel, and on appeal he argued that despite the competency of his appointed counsel, he had the right to select his own counsel on the morning of trial. The Seventh Circuit disagreed, and stated as follows:

> "We are of the opinion that the trial court was justified in denying the motion to withdraw when defendant was not prepared to substitute new counsel, and further, that it was proper for the trial judge to contest the bona fides of defendant's last-minute request for a delay in the trial by requiring him to retain new counsel on the same day. We would have a different issue to decide if new counsel had, in fact, been retained...."

*Hampton,* 457 F.2d at 301–02.

■ Today we are faced with that "different issue", and we must determine whether the trial court unreasonably interfered with Barham's right to be represented by the counsel of his choice. If so, Barham's conviction cannot stand, irrespective of whether he has been prejudiced.[6] Our review of the record leads us to the conclusion that the

---

6. We note that in *Vacendak,* 431 N.E.2d at 100, our supreme court held that, "[f]ailure to grant an untimely request for change of counsel is not error absent a showing by Defendant that he was prejudiced by anything that his attorney did or did not do." *Id.* at 105. We believe that the supreme court's requirement of a showing of prejudice is inextricably bound to the untimeliness of a request. Because Barham's request was not untimely, he is not required to show that he was prejudiced.

trial court unreasonably and arbitrarily interfered with Barham's right to retain counsel of choice. The *pro tem* judge advised Barham that Regulus was free to enter her appearance, but that she should be prepared to try the case May 3, as scheduled. However, the judge noted that Regulus could file a motion for a continuance. The next day, five (5) days prior to the scheduled trial date, Regulus filed her appearance and a motion for a continuance. The presiding judge denied both the appearance and the continuance; however, there was no showing that Regulus could not be prepared for trial by May 3. Regulus offered to act as co-counsel at the May 3 trial, indicating that she could have been prepared for trial on the scheduled date. In addition, Barham had caused no prior delays, and he had not requested a speedy trial. Because he was charged with murder, he was in jail, and he did not benefit from a continuance. Barham previously had expressed dissatisfaction with his public defender, and he explained to the court that his family had just obtained private counsel.

The instant case is analogous to *People v. Young*, (1990), 207 Ill.App.3d 130, 152 Ill.Dec. 67, 565 N.E.2d 309, *appeal denied*, wherein the Illinois Court of Appeals held that it was reversible error to preclude the defendant from replacing his appointed counsel with a private attorney of his own choice. *Id.* at 70, 565 N.E.2d at 312. In *Young*, on the morning of the first day of trial, Young's public defender informed the court that Young wished to replace him with private counsel. Young had received bail money four (4) days earlier and intended to use it to hire private counsel John McFetridge. McFetridge advised the court that he was "available and willing" to enter his appearance on behalf of Young. The trial court summarily denied the motion, stating in pertinent part as follows:

"[B]ecause of the late time and the Jury trial is set this date, the Defendant is

incarcerated, the motion for a continuance to seek another counsel is denied."

*Id.* at 68, 565 N.E.2d at 310.

The Illinois Court of Appeals distinguished prior cases in which a defendant "merely expressed a desire to obtain counsel, or 'expected' private counsel to make an entry of appearance." (citations omitted.) *Id.* at 70, 565 N.E.2d at 312. The court further concluded that "if new counsel, specifically identified, stands ready, willing[,] and able to make an unconditional entry of appearance instanter, a motion for continuance should be allowed", *Young*, at 69, 565 N.E.2d at 311 (quoting *People v. Koss* (1977), 52 Ill.App.3d 605, 10 Ill.Dec. 431, 367 N.E.2d 1040). The court held that it was reversible error to preclude Young from replacing court appointed counsel with a private attorney of his own choice. Similarly, the Supreme Court of Connecticut addressed this issue in *State v. Hamilton*, (1994), 228 Conn. 234, 636 A.2d 760. Hamilton moved for a continuance to obtain private counsel on the second day of trial. The trial court took several recesses in order to enable the private counsel whom Hamilton sought to retain, or his representative, to appear so that the court could ascertain counsel's willingness and ability to represent the defendant. The trial court denied Hamilton's motion and the supreme court affirmed stating in pertinent part as follows:

"In the absence of a showing that the defendant had the financial ability to retain private counsel,[7] was unable to pursue private representation because of some event or circumstance outside of his control, or had identified private counsel who was willing to represent him, we cannot conclude that there was a violation of the defendant's constitutional rights."

*Id.* 636 A.2d at 768.

Here, Barham had identified private counsel who was willing to represent him. The trial court interfered unreasonably and arbitrarily with Barham's right to retain counsel

---

7. "When questioned by the trial court if his cousin, Jimmy Cooper, could afford to retain private counsel, the defendant responded, "that's for me and him to know." Also, the court was aware

that the defendant's counsel of record was a special public defender, appointed on the defendant's prior showing of indigency." *Id.* 636 A.2d at 767.

of his choice by denying his private counsel's appearance.

Reversed and remanded for a new trial.

CHEZEM and NAJAM, JJ., concurring.