**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FREDERICK M. DIAL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1301-CR-15 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-1107-FB-24

**December 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Following a jury trial, Frederick Dial was convicted of dealing in methamphetamine and maintaining a common nuisance and was sentenced to twenty years. On appeal, Dial raises one issue which we expand and restate as two: 1) whether the trial court interfered with his right to counsel of choice; and 2) whether the trial court abused its discretion by denying his motion to continue the trial. Concluding Dial was afforded ample opportunity to hire counsel of his choice and the trial court did not abuse its discretion in denying an untimely motion to continue, we affirm.

## Facts and Procedural History

On July 13, 2011, the State charged Dial with dealing in methamphetamine, a Class B felony, and maintaining a common nuisance, a Class D felony.[1] The trial court held an initial hearing and upon finding Dial to be indigent, appointed Fay Schwartz, a public defender, to represent him. A jury trial was scheduled for December 19, 2011.

On November 3, 2011, Dial requested that the scheduled trial be continued to allow him to complete his discovery. The trial court granted Dial's motion. During a February 2, 2012, pretrial conference, the parties agreed to a jury trial date of May 21, 2012. However, on May 10, 2012, the State filed a motion to continue the jury trial due to court congestion. The trial court granted the motion. When the parties appeared on June 28, 2012, for a pretrial conference, Dial indicated he wished to hire private counsel and requested a continuance of the conference so that his new counsel could appear and help determine a trial date. Dial stated he was planning to meet with private counsel within the week. The court, over the State's objection, granted the motion to continue the

---

[1] A charge of possession of a controlled substance, a Class D felony, was dismissed prior to trial.

2

pretrial conference to July 19, 2012. The trial court stated that whether or not private counsel had entered an appearance by that time, a date for trial would be set at that conference.

During the July 19, 2012, pretrial conference, Schwartz again appeared on Dial's behalf. Dial indicated that he still wished to hire private counsel and had already spoken with one attorney but would like to speak to another attorney prior to setting the trial date. The court, however, stated that it was unwilling to delay setting the trial date any longer because it did not "want to lose track of a case and have it fall through the cracks. So as long as I keep setting cases for dates certain, I guard against that problem." Transcript at 10. Dial and his attorney stated on record that they understood the trial court's reasoning and agreed to a November 12, 2012, trial date. Dial was also instructed that if he hired private counsel, counsel should file an appearance as soon as possible and the court would then address any motions to change the trial date.

On November 7, 2012, five days prior to the start of trial, Dial again filed a motion to continue, indicating that his family had hired private counsel for him. On November 8, the trial court held a hearing on Dial's motion. Attorney William Cohen was present during the hearing, although he had not yet formally filed an appearance on Dial's behalf. Schwartz argued to the trial court that Dial "does have a Sixth Amendment right to retain private counsel" and noted that he was filing for a continuance several days in advance of the trial date. Tr. at 15. She also noted that she and Dial "have come to kind of a stalemate with our interaction with one another." Id. at 17. Cohen explained to the court that he had been contacted by Dial and was willing to represent him but had a prior commitment that would take him out of the state for the scheduled trial date. Therefore,

3

his representation of Dial was conditioned on the trial court granting the motion to continue. The State objected to the motion, arguing that Cohen had ample time to reschedule prior commitments in order to represent Dial at trial set for November 12.[2] The State also posited that the motion to continue was another attempt to delay the proceedings.

The court noted that Dial's motion for continuance was filed on Wednesday for a trial scheduled the following Monday, and further noted that all other cases set for November 12 had been resolved, so if Dial's motion was granted, no case would be heard that day. The court took the matter under advisement and alerted the parties to be ready for the November 12 trial in the event that it denied the motion. On November 12, 2012, the trial court denied Dial's motion, stating "I have said nothing nor have I done anything which would prevent Mr. Cohen from entering his appearance as counsel for [Dial]. I told Mr. Cohen and [the prosecuting attorney] that the trial would proceed as scheduled." Id. at 27. Schwartz agreed that the court had not ruled that Cohen could not appear in this case. Dial again requested that the trial court grant his motion to continue, and the State objected. The trial court denied the renewed motion, and the jury trial began as scheduled. The jury found Dial guilty on both counts, and on December 12, 2012, the trial court sentenced Dial to twenty years for dealing in methamphetamine, to be served concurrently with a three year sentence for maintaining a common nuisance. Dial now appeals.

---

[2] It appears an off-the-record conversation between Cohen, the State, and the trial court occurred sometime in late October regarding Cohen's proposed representation of Dial at which time Cohen informed the court that he was willing to appear on Dial's behalf if the trial date was continued, and the trial court advised that it was not going to continue the trial. See Tr. at 18, 21-22.

## Discussion and Decision

Dial contends the trial court denied his Sixth Amendment right to counsel of his choice and abused its discretion in denying his motion to continue. These are two closely-related but separate issues, and we will address each in turn.

### I. Sixth Amendment Right to Counsel

The Sixth Amendment guarantees a criminal defendant's right "to have the Assistance of Counsel for his defence." U.S. Const., amend. VI. A criminal defendant has the right to choose counsel when he is financially able to do so, "and a defendant should be afforded a fair opportunity to secure counsel of his own choice." Washington v. State, 902 N.E.2d 280, 286 (Ind. Ct. App. 2009), trans. denied. However, the right to counsel of choice is not absolute, and it is well-settled that the right must be exercised at an appropriate stage of the proceedings. Lewis v. State, 730 N.E.2d 686, 688-89 (Ind. 2000). Continuances sought shortly before trial to hire new counsel "are disfavored because they cause substantial loss of time for jurors, lawyers, and the court." Perry v. State, 638 N.E.2d 1236, 1241 (Ind. 1994). When a trial court denies a defendant's continuance for the purpose of obtaining private counsel of his choice, we review the trial court's decision to determine whether it acted unreasonably and arbitrarily. Lewis, 730 N.E.2d at 689-90. A conviction obtained when a court unreasonably and arbitrarily interferes with the right to retain counsel of choice "cannot stand, irrespective of whether the defendant has been prejudiced." Washington, 902 N.E.2d at 287 (quoting U.S. v. Collins, 920 F.2d 619, 625 (10th Cir. 1990)).

Dial argues that the denial of his motion to continue resulted in a de facto denial of his right to counsel of his choosing. In support of this claim, he cites Barham v. State,

641 N.E.2d 79 (Ind. Ct. App. 1994), where a week before trial, the defendant had indicated in a pro se motion requesting new counsel that he was unhappy with his public defender. The following day, the defendant told the court that he had hired private counsel, and the court told him she was free to enter her appearance but needed to be prepared to try the case as scheduled. The trial court also noted, however, that counsel could file a motion to continue. Private counsel promptly entered an appearance and filed a motion to continue five days prior to the scheduled trial date. Without holding a hearing, the trial court denied both the appearance offered by Barham's private counsel and the motion to continue. We held the trial court unreasonably and arbitrarily interfered with the defendant's right to retain counsel of his choice. Id. at 83-84. In reaching our conclusion, we noted that despite the motion to continue, there was no showing that private counsel could not be prepared for the scheduled trial, and in fact, she had offered to serve as co-counsel when her appearance and continuance were denied. Id. at 84. In addition, the defendant had caused no prior delays, had not requested a speedy trial, had expressed dissatisfaction with his public defender, and was in jail so a continuance was of no benefit to him personally. Id.

There are similarities between Barham and this case. For instance, Dial had previously indicated he wished to hire private counsel, private counsel had contacted the court in advance of the trial date, and a motion to continue was filed several business days in advance of the trial date. In addition, Dial was in jail awaiting trial. However, unlike the defendant in Barham, Dial had indicated several months in advance of the trial date that he wished to hire private counsel and yet did not do so until just days before his trial, private counsel had contacted the court several weeks in advance of the trial but had

6

conditioned his appearance for Dial on the court granting a motion to continue, and Dial had previously requested several continuances of the trial or pre-trial conferences. Private counsel did not enter an appearance for Dial and indicated to the trial court at the time the motion to continue was made that he would be unable to represent Dial on the scheduled trial date. Dial did not wait until the literal eve of trial to hire private counsel and request a continuance. However, given the time that lapsed between when he first indicated at a pretrial conference in June 2012 that he wished to do so and when he conditionally procured counsel in early November 2012 and filed a motion to continue, Dial did not exercise his right to counsel of choice at an appropriate time in the proceedings. See Washington, 902 N.E.2d at 287 (holding that in waiting until the morning of trial to request a continuance for the purpose of hiring private counsel, defendant failed to exercise his right to hire counsel of his choice at an appropriate stage); cf. Lewis, 730 N.E.2d at 688-89 (holding there was neither a Sixth Amendment violation nor an abuse of discretion in denying defendant's day-of-trial motion for continuance because defendant had indicated eight months prior to trial that he intended to hire private counsel but did not do so, his appointed public defender was ready for trial and private counsel's appearance was contingent on a continuance, and all other cases for that date had been continued because defendant's was the oldest case with an incarcerated defendant and continuing his trial would have meant no case would have been tried that day); McCollum v. State, 582 N.E.2d 804, 810 (Ind. 1991) (in addressing alleged abuse of discretion in denying continuance, the court noted that defendant had at least five months to hire private counsel but failed to do so until eight days before trial). The trial

7

court did not unreasonably and arbitrarily interfere with Dial's right to counsel of choice by denying the continuance.

## II. Abuse of Discretion

We use an abuse of discretion standard when reviewing a trial court's ruling on a motion to continue for the purpose of hiring private counsel. Washington, 902 N.E.2d at 286. An abuse of discretion occurs where the court's decision is clearly against the logic and effect of the facts and circumstances. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). "To demonstrate an abuse of discretion, the record must reveal that the defendant was prejudiced by the court's failure to grant the continuance." Dickson v. State, 520 N.E.2d 101, 105 (Ind. 1988).

"Where a defendant is given an opportunity to secure counsel of his own choosing but fails to do so he cannot complain on appeal that he was compelled to go forward with court-appointed counsel." McCollum, 582 N.E.2d at 810. Dial had several months to hire private counsel and was in fact granted a continuance of a pretrial conference for that specific purpose after informing the court that he was going to hire private counsel, would do so within a week, and wanted private counsel to be a part of setting a trial date. When Dial failed to acquire private counsel by the next pretrial conference, the trial court set a trial date four months hence but told Dial if he hired private counsel, counsel could file a motion to continue that trial date. Still, Dial waited nearly the full four months before finding private counsel – counsel who was not prepared to file an immediate appearance on his behalf. In this respect, this case is akin to Dickson, in which our supreme court held the denial of a continuance filed the day before trial was not an abuse of discretion when the defendant sought to replace his public defender with private

8

counsel who would only represent the defendant on the condition that the motion was granted. 520 N.E.2d at 105.

Additionally, Dial has not shown that he was prejudiced by the denial. Although Schwartz indicated when the motion to continue was argued that she and Dial had reached "a stalemate" with regard to her representation of him, tr. at 17, Dial has not alleged any particular problems with Schwartz's representation, and she was prepared and ready for trial.

As the trial court made clear, granting Dial's motion to continue five days prior to the start of trial would have resulted in valuable court resources being wasted. See Perry, 638 N.E.2d at 1241. As Dial was given a reasonable opportunity to hire private counsel and has not shown any prejudice from the denial of his motion to continue, the trial court did not abuse its discretion.

## Conclusion

The trial court did not unreasonably and arbitrarily interfere with Dial's Sixth Amendment right to counsel of choice and did not abuse its discretion in denying his motion to continue filed just days before trial for the purpose of hiring private counsel. The judgment of the trial court is affirmed.

Affirmed.

RILEY, J., and KIRSCH, J., concur.

9